INGRAM, Judge.
The plaintiff, Joyce Rickard (wife), appeals from an adverse ruling by the trial court in favor of the defendant, Marvin Rickard (husband). The parties were granted a divorce on February 17, 1988. Fourteen days later, the husband filed a motion to reconsider or, in the alternative, a motion for new trial, which the trial court granted. After an ore tenus hearing, the trial court amended the parties’ divorce decree. The wife argues on appeal that the trial court erred when it granted a new trial and subsequently modified the property settlement. This argument is without merit.
The record indicates that the parties were divorced in February 1988 after approximately seven years of marriage. The wife was ordered to pay the indebtedness owed on the parties’ house and accompanying outbuildings after being awarded said property in the decree. She was also awarded a 1981 Buick Riviera. She also received, barring the exceptions delineated by the trial court, all the furnishings and appliances located in the house and storage rooms. In addition, she was allowed to retain the funds she withdrew from the parties’ savings account. The husband, in turn, was awarded a 1972 pickup truck, a 1977 van, a cub tractor, and specifically designated items located in the house and storage rooms. He was also awarded most of his stripping and refinishing equipment, along with all of the accounts receivable of his furniture refinishing business. In addition, he was allowed to keep his own savings and checking accounts.
Fourteen days after the decree, the husband filed a motion for reconsideration or, in the alternative, a motion for new trial, which the trial court granted. On March 29,1988, after hearing testimony from both parties, the trial court amended the February 1988 decree and awarded the husband the following items of personal property: a one-ton hydraulic jack, an FM radio, a metal grate, some car stands, his pocket knives, and his customers’ furniture. The trial court also ordered the wife to pay her medical bills, the Sears account, and the indebtedness owed on the 1981 Buick. The husband was ordered to pay the MasterCard bill and to return a bedroom suite to the wife. Following the trial court’s order, the wife appealed.
At the outset, we note that the granting or denial of a Rule 59, Alabama Rules of Civil Procedure, motion falls largely within the sound discretion of the trial court. The exercise of that discretion carries with it a presumption of correctness which will not be disturbed on appeal absent a showing of plain and palpable abuse *43 by the trial court. Gray v. Commodity International Corp., 477 So.2d 451 (Ala. Civ.App.1985). It is clear from the evidence that the trial court did not abuse its discretion when it granted the husband’s Rule 59 motion.
We further note that a trial court can, upon timely motion, amend its judgment under Rule 59. Jasper Community Hospital v. Hyde, 397 So.2d 153 (Ala.Civ. App.1981). The record indicates that the husband’s motion for new trial was filed and served within thirty days after the entry of the judgment, in compliance with the time limitations set forth in Rule 59. Hallmark v. Hallmark, 381 So.2d 641 (Ala. Civ.App.1980). Therefore, the trial court in the present case had the authority to amend its judgment.
In view of the foregoing, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.