Following an ore tenus proceeding, the Circuit Court of Baldwin County entered a final divorce decree dividing the parties' property and awarding the wife alimony in gross. The husband appeals, contending that the trial court's division of property and award of alimony were unreasonable and inequitable and therefore an abuse of its discretion.
An award of alimony and the division of property are matters which are in the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion.Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowellv. Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985).
Each case is decided on its own facts and circumstances. The division of property does not have to be equal, only equitable.Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App. 1988). When a division of property favors one party over the other, that alone does not indicate an abuse of discretion. Dobbs v.Dobbs, 534 So.2d 621 (Ala.Civ.App. 1988). When making an award of alimony and a division of property, several similar factors which the court should consider include future prospects of the parties, age, health, station in life, length of marriage, the source, value and type of property owned, the standard of living to which the parties have become accustomed during the marriage, and the potential for maintaining that standard, and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Hammond v.Hammond, 500 So.2d 27 (Ala.Civ.App. 1986); Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986).
The record reflects that the parties were married for sixteen years. The wife is thirty-four and the husband is forty-four. Both are in good health. The parties have two children — a fifteen-year-old daughter and a thirteen-year-old son. The decree awarded custody of the children to the wife.
The husband is a certified public accountant. He began his accounting career in 1971 — the year the parties were married. From 1971 to 1982 he was employed by three different accounting firms. In 1982 he left a firm where he was making between $25,000 and $30,000 a year to begin a solo practice. The husband testified that since 1982 his gross income has varied between $13,500 and $24,000.
The wife has worked for a business form company for twelve years. She is an hourly employee and in the last two years has grossed approximately $20,000 per year.
 I.
Initially, the husband contends that the division of property was inequitable. The court's disposition of the marital property was essentially as follows. The husband was awarded the parties' accounting practice, two lots in Foley, Alabama, and a twenty-five foot sailboat. There was a conflict in testimony concerning the worth of the practice. The husband valued the practice at $10,000 to $15,000. The wife valued the practice at $94,000. Likewise, there *Page 631 
was a conflict in regard to the value of the lots and the sailboat. The sailboat is encumbered by a $5,000 security interest and the Foley lots are encumbered by a $5,000 mortgage to the husband's parents.
The wife was awarded the marital residence, a three-and-one-half-acre parcel of property adjoining the residence, and three lots of real estate in a residential area. Again, the evidence concerning the value of these properties was in dispute. There was no conflict, however, concerning the fact that all the property awarded to the wife was encumbered by a $59,000 mortgage. A few months before the husband moved out of the marital residence, the residence and the property were refinanced in order to pay off debts of the accounting practice and the wife's car and to make the downpayment for the sailboat. The decree made each party responsible for the encumbrances on their respective properties.
The husband asserts that the disposition of the property was inequitable because at the time of the divorce the wife was making more money than he was and that during the marriage the wife made little, if any, monetary contribution to the marriage.
The record contains conflicting testimony concerning these assertions. In an ore tenus proceeding a presumption of correctness attaches to the trial court's resolution of any conflicts in the evidence. Young v. Young, 515 So.2d 32
(Ala.Civ.App. 1987). The trial court heard extensive testimony concerning the husband's allegations and apparently determined that the husband's testimony concerning his yearly salary was suspect and that the wife made a substantial monetary contribution to the marriage. The record supports the trial court's decision.
We have carefully reviewed the record and find no error in the division of the marital property. Had we been in the trial court's position, we cannot say that we would have arrived at the same division of property. However, absent abuse of discretion or palpable error, we are prohibited from substituting our judgment for that of the trial court.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
 II.
For the same reasons enumerated above, the husband asserts that the court erred in awarding the wife $6,000 as alimony in gross.
An award of alimony in gross is an attempt to compensate the wife for the loss of inchoate property rights in her husband's estate. It is also intended to effect a final termination of the parties' property rights and is an approximate appraisal of the present value of the wife's future support. Rogers v.Rogers, 473 So.2d 537 (Ala. 1985).
Considering the length of the marriage, the wife's contributions to the parties' finances and marriage, and the husband's future earning prospects as a professional as compared to the wife's hourly employment, we cannot say that the award of alimony in gross was an abuse of discretion or plain and palpable error.
 III.
The husband asserts that the court erred in considering the accounting practice as a marital asset, as opposed to his separate estate. He contends that the practice was his separate estate because the wife had no dominion over it, made no contributions to it, and derived no benefits therefrom. The husband's argument is without merit.
The record reflects that the wife worked in the office from time to time, that she made direct cash contributions to the business, and that she paid the husband's continuing education and travel expenses. The record further reflects that the wife's income was the family's sole source of income when the husband first went into solo practice and that she received financial benefits from the practice.
There was sufficient evidence in the record to warrant an inclusion of the accounting practice in the marital estate. We find no error. Fuller v. Fuller, 418 So.2d 121 (Ala.Civ.App. 1981). *Page 632 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.