L. CHARLES WRIGHT, Retired Appellate Judge.
Following oral proceedings, the trial court divorced the parties and, in part, made the following awards: The wife was awarded $375 per month in periodic alimony. The wife was awarded one-third of the husband’s retirement fund. The marital home was to be sold, with the net proceeds of the sale to be equally divided between the parties. The husband was responsible for the debts of the marriage. Such debts are considerable. The wife appeals. The husband does not cross appeal.
The wife contends that the trial court abused its discretion in its award of alimony and its division of property.
The division of property and the award of alimony are within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Factors to be considered in the division of property and the award of alimony are the future prospects of the parties, their ages, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Johnson v. Johnson, 565 So.2d 629 (Ala.Civ.App. *2 1989). Each case must be determined on its own facts and circumstances. The division of property does not have to be equal, but should be equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988).
When the trial court personally hears the evidence, as in this case, the judgment appealed from is presumed to be correct. The judgment will not be altered on appeal if it is supported by competent, legal evidence unless the trial court’s decision is unjust and palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App. 1986).
The record reflects that the parties were married for 28 years. They are both 49 years of age. The parties have a 20-year-old son, who resides with the wife. The wife complains of high blood pressure and “mitral valve prolapse.” The husband had brain surgery approximately four years ago. He is still suffering from slurred speech and motor impairment. The wife keeps children in her home and earns on an average $50.00 per week. She has a high school education. The husband has a bachelor of science degree and is employed with Sparks State Technical College. He earns approximately $51,000 per year.
The marital residence is worth approximately $60,000 to $65,000. It carries a mortgage indebtedness of approximately $51,000. The parties agreed that the home should be sold and the proceeds equally divided. The wife agreed that the home should be sold because she did not have the resources to pay the $742 monthly mortgage payment. The wife received all the contents in the home. The contents have an estimated value of $20,000.
Applying the attendant presumptions to the facts of this case, we find that the trial court’s award of periodic alimony is insufficient. The wife testified that she had no outside income except for her babysitting income. With the impending sale of the home, it is doubtful that the wife will be able to continue her babysitting services. The wife has not been employed for much of the marriage. She has stayed home and raised the parties’ child. She has little or no skill in the job market. She has no education beyond high school.
We find the award of $375 as monthly alimony to be inequitable and unjust in view of the length of the marriage and the great disparity in the earning abilities of the parties. The amount of the award of alimony is set aside. We direct that an award of not less than $500 per month be entered on remand.
The judgment of the trial court, as it relates to periodic alimony, is reversed and remanded with instructions to enter an order consistent with this opinion. The remainder of the judgment is affirmed.
Both parties request attorney fees on appeal. The husband’s request is denied. The wife’s request is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.