After a hearing, the parties were divorced on May 24, 1993. The trial court divided the marital property, awarding the wife, among other things, "the Anderson Farm designated as tract # 4 in the Jery Dell appraisal"; $1,100 per month as periodic alimony; and "$75,000 in cash from [the husband's] certificate of deposit at SouthTrust Bank." On June 22, 1993, the wife filed a post-judgment motion seeking to modify the divorce judgment, or, in the alternative, for a new trial, alleging that the husband had conveyed to her the Anderson farm, as ordered, but that the conveyance did not include a 23,000-pound peanut allotment assigned to the property. She argued that the peanut allotment was specifically allocated to the farm and that it was "an integral consideration in the appraisal and evaluation of the farm." She asked the court to modify the judgment to provide that the allotment also be conveyed to her. In addition, she asked the court to require the husband to submit to a physical examination and to do whatever else was *Page 815 
necessary to enable her to purchase an insurance policy on his life, thereby securing her award of periodic alimony, which would cease at the time of his death.
On June 23, 1993, the court amended its judgment to include the peanut allotment in the award of the farm to the wife. The court further held:
 "[A]ll other additional relief is denied. Such ruling does not preclude [the wife's] carrying life insurance on [the husband] without any requirement of his participation."
On June 24, 1993, the husband filed his response to the wife's motion, and, on the same day, he filed a motion asking the court to "reconsider" its modification, arguing that immediately after he had bought the farm, he had moved the poundage allotment to other real estate that he owned because, he said, the Anderson farm was unsuitable for growing peanuts. He further argued that the peanut poundage allotment was personal property used by him in his business and that it was awarded to him under the divorce judgment "either as personal property in his possession or a part of the businesses owned by him." After hearing ore tenus evidence, the trial court entered an order stating:
 "[T]he Court finds that when the property was purchased by [the husband] in 1991 the poundage quota was consolidated for farm purposes with other quotas from other farms of [the husband] and utilized in his farming operation. That, for whatever reason, the quota was not utilized on this farm during the marriage. The quota is approximately for eight acres out of thirty-eight acres of cultivatable land.
 "Therefore, the Court awards the peanut quota poundage 'allotment' to [the husband] and orders [the wife] to execute any necessary documents required to effect same.
 "At the hearing, [the wife] made known to the Court that [the husband] had not yet paid the $75,000 ordered . . . and that he has harvested a portion of the hay being grown upon the Anderson farm without payment to her for same. [The husband] is ordered to pay over said $75,000 in addition to the sales proceeds from the hay harvested from the Anderson farm to [the wife] within 30 days herefrom.
 "Each party is responsible for their own expenses of litigation herein."
The wife appeals, raising three issues: (1) whether the trial court abused its discretion in awarding the peanut allotment to the husband; (2) whether the trial court abused its discretion in failing to order the husband to submit to a physical examination for the purposes of obtaining life insurance; and (3) whether the trial court abused its discretion in denying her request for an attorney fee and her request that the husband be held in contempt of court for his failure to pay her the ordered $75,000.
We note that this appeal arises from proceedings on post-trial motions; those motions are governed by Rule 59, Ala.R.Civ.P. Ex parte Colonial Life Accident Ins. Co.,410 So.2d 73 (Ala.Civ.App. 1982). Post-trial motions must be filed within 30 days after the entry of the challenged judgment. Baker v. Ball, 473 So.2d 1031 (Ala. 1985). The trial court has broad discretion in disposing of such motions, and its exercise of that discretion is presumed correct. Rickard v.Rickard, 537 So.2d 41 (Ala.Civ.App. 1988). On appeal, the trial court's judgment will not be disturbed unless it is shown to be plainly and palpably wrong. Id.
The wife argues that the court abused its discretion in awarding the husband the peanut allotment, because, she says, his request for a modification of the judgment was not timely under Rule 59, Ala.R.Civ.P.; therefore, she says, the court was without jurisdiction to conduct the post-judgment proceedings. We disagree. The wife's Rule 59 motion to modify the judgment and the husband's response and Rule 59 motion were filed within the time limits of Rule 59.
Next, the wife contends that the trial court abused its discretion by refusing to order the husband to undergo a physical examination for insurance purposes, arguing that under Rule 35, Ala.R.Civ.P., the trial court had the authority to order the husband to submit to a physical examination where "good cause" was shown. She further argues that, because her periodic alimony would *Page 816 
cease upon the death of the husband, the requisite showing of "good cause" was met. We find no abuse of discretion. Further, we note that the husband agreed, in his response to the wife's Rule 59 motion to modify the judgment, "to submit to a physical examination for the purpose of [the wife] procuring life insurance upon his life so long as it is without cost to him."
The wife next contends that the trial court abused its discretion by refusing to order the husband to pay her an attorney fee in the post-trial proceedings.
In a divorce case, the court's decision on whether to award an attorney fee is discretionary, and on appeal, will not be disturbed unless an abuse of that discretion is shown.Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App. 1991). We find no such abuse.
Finally, the wife contends that the court abused its discretion by refusing to find the husband in contempt for failing to pay $75,000 as ordered in the divorce judgment.
"The determination of whether a party has failed to abide by the provisions of a divorce decree or is in contempt of court is committed to the sound discretion of the trial court."Grimes v. Grimes, 601 So.2d 1053, 1054 (Ala.Civ.App. 1992). Absent an abuse of that discretion or unless the trial court's judgment is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm. Stack v. Stack,646 So.2d 51 (Ala.Civ.App. 1994). Applying the law to the facts of this case, we find no abuse of discretion.
Based on the foregoing, the trial court's judgment is due to be affirmed. Each party's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.