Following oral proceedings, the Circuit Court of Baldwin County entered a final judgment of divorce and divided the parties' marital assets. The wife appeals and the husband cross-appeals.
The record reflects that the parties were married in 1975. It was the wife's second marriage and the husband's fourth marriage. At the time of the hearing, the wife was 72 years of age and the husband was 83 years of age.
Both parties had worked for Sears. The husband retired the year of the marriage, and the wife retired two years later. When the wife retired, she received approximately $27,000 in retirement benefits. She testified that she loaned that sum to her son. At the time of the son's death in 1993, he had repaid his mother approximately $15,000. At the time of the hearing, the husband's Sears stock, which he received at retirement, was valued at approximately $40,500.
After the marriage the parties resided in the husband's home, which he owned prior to the marriage. The house was valued at approximately $72,000 at the time of the divorce.
The parties had a joint account, valued at $214,918, with A.G. Edwards, a stock brokerage firm. The evidence was conflicting as to who made the contributions to the account and whether the proceeds were utilized for the benefit of the marriage. The husband also had a joint account with his son, valued at approximately $49,000.
At the time of the hearing, the wife was receiving $495 per month in Social Security benefits. The husband's yearly income totalled approximately $15,600. This total included proceeds from his appliance repair service ($3,500), dividends ($1,866), and Social Security benefits ($10,260). The husband testified that due to his arthritic condition, he could no longer service appliances.
The husband testified that the wife took $9,000 from the parties' bank account at the time of separation. There was evidence presented that the wife had approximately $15,000 in certificates of deposit. The wife testified that at the time of the hearing, she had exhausted those funds on daily expenses.
The wife injured her foot in 1990 and has had foot surgery. The record reflects that additional surgery is necessary. The husband has arthritis in both hands, back problems, circulatory problems, and bursitis in his shoulders. He has hearing problems and has recently had cataracts removed from both eyes. He has suffered from chronic anemia, carcinoma of the prostate, bladder stones, and bleeding lesions in his bladder.
The wife filed the complaint for divorce, alleging incompatibility of temperament, irretrievable breakdown of the marriage, and mental cruelty. The husband filed a counterclaim, asserting the same. The wife presented evidence concerning the husband's mental cruelty. The husband denied the asserted behavior. The wife testified that the husband revealed to her after the marriage that he suffered from genital herpes.
The court awarded the wife one-half of the joint A.G. Edwards account ($107,000), a 1992 Mercury Marquis automobile, certain personal property, and $20,000 as alimony in gross, secured by a judicial lien against the marital residence payable at the death of the husband or the sale of the residence. The court denied the wife periodic alimony and refused to reserve the same. The court further denied the wife attorney fees. *Page 780 
The husband was awarded one-half of the A.G. Edwards account, possession of the marital residence, his Sears stock, the assets of his repair business, his interest in the joint account with his son, certain personal property, and a 1992 Dodge Van.
On appeal the wife asserts that the trial court erred in failing to award, or to reserve the right to award, periodic alimony; in delaying payment of the award of alimony in gross without providing for interest to accrue; and in failing to award to her a reasonable attorney's fee.
The husband cross-appeals and asserts that the trial court erred in awarding to the wife one-half of the A.G. Edwards account. He further insists that the trial court erred in awarding $20,000 in alimony in gross to the wife.
An award of alimony and the division of property are matters which are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Johnson v. Johnson, 565 So.2d 629
(Ala.Civ.App. 1989). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Johnson.
Each case is decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Johnson. When a division of property favors one party over the other, that alone does not indicate an abuse of discretion. Johnson. When making an award of alimony and a division of property, the court should consider several similar factors, which include the future prospects of the parties; their ages, health, and station in life; the length of their marriage; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Johnson.
Furthermore, the award of attorney's fees in a divorce action is a discretionary matter with the trial court and will not be reversed on appeal except for abuse of that discretion. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). Factors which the trial court should consider in making such awards include the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties.
We have carefully reviewed the record and find no error with the trial court's division of the marital assets, with its refusal to award or reserve periodic alimony, or with its denial of attorney fees. The circumstances of this case presented the trial court with an unusual problem. The ages of the parties and their static financial position indicated that they could not afford a divorce. We commend the trial court in its attempt to find an equitable solution to the dilemma presented. The judgment must be fair, as it satisfies neither party.
The wife's assertion that she is entitled to be awarded interest on her alimony in gross award was not raised at the trial level. It, therefore, is not reviewable on appeal.McDavid v. McDavid, 627 So.2d 446 (Ala.Civ.App. 1993);Hawkins v. Harvey, 481 So.2d 907 (Ala.Civ.App. 1985).
The judgment of the trial court is affirmed.
The wife's request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 781