675 So.2d 436 (1996)
Harold Dean COVINGTON
v.
Linda W. COVINGTON.
2940833.
Court of Civil Appeals of Alabama.
January 12, 1996.
*437 W. Cameron Parsons of Parsons & Sutton, Tuscaloosa, for Appellant.
Kathryn McC. Harwood, Tuscaloosa, for Appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
On January 10, 1995, following oral proceedings, the trial court entered a final judgment of divorce. Among other relief, the wife received a share of one of the husband's *438 retirement accounts, periodic alimony of $500 per month for five years, and a partial attorney's fee.
The wife filed a timely post-judgment motion for a new trial or, alternatively, to amend, alter, or vacate the final judgment and to correct an apparent clerical mistake in the judgment. Following argument on the motion, the trial court entered an order which amended the final judgment so as to increase the wife's award of periodic alimony and to eliminate the time restriction on that award, to increase the wife's share of the husband's retirement accounts, and to clarify the amount of the wife's award of attorney fees.
The husband appeals and asserts that the trial court erred in amending its final judgment of divorce.
The wife's post-judgment motions were made pursuant to Rule 60(a), Ala. R.Civ.P. (clarify award of attorney fees), and Rule 59(e), Ala.R.Civ.P. (reconsider alimony and property division). The trial court has broad discretion in disposing of such motions, and its exercise of that discretion is presumed correct. Smith v. Smith, 656 So.2d 814 (Ala.Civ.App.1994). "Abuse of discretion by a trial court in granting a Rule 59(e) motion can be found only where a legal right was abused and the record plainly and palpably shows the trial court was in error." Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala.1986).
The husband contends that the trial court correctly amended its original judgment with respect to the award of attorney fees. He asserts, however, that the amount awarded pursuant to the wife's post-judgment motion was made in error.
In its final judgment of divorce, the trial court awarded $1,800 in attorney fees to the wife. Both parties agreed that the amount of the award was made in error because the trial court had previously determined that $2,700 would be an equitable award. In its amended final judgment, however, the trial court awarded to the wife $3,200 in attorney fees. The husband argues that the unsolicited award of the extra $500 was made in error.
It was well within the court's discretion to increase the award of attorney fees to the wife following the post-judgment proceedings. The trial court may award an attorney fee without a request and without evidence of financial need and performance of service. Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980). We find no error.
The husband next asserts that the trial court erred in increasing the wife's award of periodic alimony and in increasing her share of his retirement benefits.
No fixed standards or mathematical formulae govern the determination of alimony or the division of property. Brand v. Brand, 444 So.2d 866 (Ala.Civ.App.1984). Instead, trial courts should consider many factors in making such awards, including the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property. Matejka v. Matejka, 647 So.2d 778 (Ala.Civ.App.1994). In appropriate cases, the trial court should also evaluate the conduct of the parties with reference to the divorce. Matejka. Because alimony awards are interwoven with the division of property, the entire judgment must be considered in order to determine whether the trial court abused its discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala. Civ.App.1987).
The parties were married in 1980. At the time of the hearing, the wife was 47 and the husband was 53 years of age. Both parties had been married once before. No children were born of the marriage.
For the first eight years of the marriage, the wife worked at a pre-school program, earning $9,000 per year. She taught and directed a Montessori school for three years thereafter, earning $16,000 per year. In 1991 she worked at a grocery store, earning $5.50 per hour. In 1992 she became a regional director for the American Heart Association. Her gross monthly income totals *439 $2,187; she nets $1,347 after deductions for taxes and contributions to retirement.
The wife takes medication for hypothyroidism. She has suffered two herniated disks in her back. She suffers from arthritis in her neck. At the time of the hearing, she was taking medication for depression. She attributes the depression to a combination of genetics and to her marital situation.
The husband graduated from law school, but practiced law only for a short period of time. He spent the bulk of his professional career, from 1968 through 1985, with Gulf States Paper Corporation. In 1984, his last year with Gulf States, he earned approximately $32,200.
After losing his job with Gulf States, the husband was unemployed for approximately one year. In 1986 he began working for IDS American Express. He worked for IDS for two years. The parties' financial situation worsened due to the husband's poor earnings. The husband expended approximately 85% of the retirement benefits that he had with Gulf States to keep the parties financially afloat during this period. In 1989 the husband became an investment broker with J.C. Bradford. In 1991 he earned $34,163; in 1992 he earned $75,410; in 1993 he earned $67,418. For the period ending October 31, 1994, he earned $45,215. The husband's take-home pay for the 10 months of 1994 averaged $3,000 per month. His take-home pay, however, was subject to employment-related expenses of approximately $700 per month.
During their marriage the parties lived in a house which the wife had owned previously. The wife testified that the house had a fair market value of $110,000, that the balance owed on the first mortgage was $24,000, and that the balance owed on the second mortgage was approximately $4,500.
The wife alleged that the husband's abuse of alcohol was the primary factor that destroyed their marital relationship. The husband alleged that the wife's personality had changed dramatically since the parties were married. He testified that the wife has given up the use of alcohol, has become a vegetarian, and has been influenced by eastern religions.
The trial court granted the parties a divorce, finding that the parties were no longer compatible because their attitudes and philosophies had become very divergent in recent years. The trial court awarded the marital residence to the wife and ordered the husband to pay the second mortgage on the home ($4,403). The wife received $6,070 from the husband's J.C. Bradford 401(k) retirement plan. The husband was ordered to pay to the wife $500 per month as periodic alimony for five years. In making the award of alimony, the trial court found the following:
"Even though the [husband] earns approximately twice as much as the [wife], she has a non-liquid estate of approximately $113,300.00, with his estate being approximately $42,500.00. Her request for $2,000 per month alimony is excessive and cannot be supported by the evidence. The Court finds a more realistic figure to be $500.00 per month. This is 2½ times the alimony she was awarded in her original divorce decree and represents the maximum difference between the [husband's] earnings and his projected living expenses. This alimony should be paid as periodic alimony for a minimum of five years or until the [husband] pays the [second mortgage] in its entirety, whichever comes last."
In her post-judgment motion, the wife requested that the trial court reconsider its award of alimony. She requested the following:
"Given the disparity in the parties' income and the [husband's] future prospects, the [wife's] alimony should be increased to a minimum of $1,000.00 per month. [The wife] will still have a budgetary deficit, particularly in light of the taxability of periodic alimony. [The husband] will also then have a budgetary deficit but will be in a much greater position to make up his short-fall. Such would more approach an equitable result rather than placing the entire burden on [the wife's] shoulders to deal with her substantial budgetary deficit provided for in the final judgment."
*440 Following submission of the post-judgment pleadings, and without taking further testimony, the trial court awarded to the wife $1,000 per month in permanent periodic alimony.
We find the trial court's post-judgment order to be at extreme odds with its final judgment of divorce. The trial court's final judgment of divorce, concerning the award of alimony, was well reasoned. From our review of the record, the award was also supported by the testimony. There was no additional testimony taken on the post-judgment motions. We are aware that no additional testimony need be taken on a Rule 59(e) motion. Ex parte Johnson, 673 So.2d 410 (Ala.1994). In this instance, however, we are unable to discern what, if anything, made the trial court double its award of alimony and make the award permanent.
We are aware that the determination to grant a Rule 59(e) motion is a matter of discretion with the trial court and that its decision is presumed correct. In this instance, however, with the two contradictory judgments, we are unwilling to exercise that presumption.
In view of matters apparently presented in argument, we reverse the amended judgment as it relates to alimony and remand that matter for further consideration and taking of further testimony as may be deemed necessary by the trial court. The original judgment as to alimony will be in effect in the interim.
The husband finally asserts that the trial court erred in increasing the wife's share of his retirement benefits.
In the final judgment of divorce, the trial court found that the husband's retirement accounts were valued at approximately $20,140. It ordered that the wife was entitled to ½ of the husband's retirement accounts. The award was to be set off by $1,500, which represented the current value of her retirement plan, and by $2,500, which represented ½ of the appraised value of the marital residence over the period of the marriage. Accordingly, the trial court awarded her $6,070.
In her post-judgment motion, the wife explained to the trial court that the husband had two retirement accounts at J.C. Bradford, totalling $35,237. The husband had the 401(k) account, valued at $20,140. He also had an I.R.A. account, containing funds rolled over from the remainder of his Gulf States retirement plan. The remainder was valued at $15,342. The wife insisted that she was entitled to one-half of both accounts. The trial court reconsidered its final judgment and awarded to the wife one-half of the amount of the combined retirement funds.
The husband argues that this was error because, he says, the Gulf States funds were his pre-marital assets.
The Gulf States funds were accumulated both before the marriage and during the first five years of the marriage. There was no evidence presented to establish that the funds were accumulated solely before the parties' marriage. Furthermore, it was the money from this account that sustained the parties when they were in financial straits. The funds had apparently been used for the benefit of the marriage. We find no abuse of the trial court's discretion.
The wife's request for attorney fees on appeal is denied.
The judgment of the trial court is affirmed in part and reversed in part. The judgment relating to periodic alimony is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
*441 CRAWLEY, Judge, concurring in part and dissenting in part.
I do not find any abuse of discretion in the trial court's increase of the wife's monthly periodic alimony award from $500 to $1,000 following the filing of the wife's post-judgment motion. Therefore, I must dissent as to that issue.