This is an appeal from a final judgment of divorce.
In January 1995, the wife sued the husband, seeking a divorce on the grounds of adultery and incompatibility. Following an ore tenus hearing, the trial court divorced the parties; divided the marital estate; awarded to the wife $2,100 per month in periodic alimony; and awarded to the wife $13,500 in alimony in gross to be applied toward the wife's attorney fees. The wife filed a post-judgment motion, which was denied. The wife appeals.
The dispositive issue is whether the trial court abused its discretion regarding the matters of property division, alimony, and attorney fees.
The division of property and the award of alimony are within the sound discretion of the trial court, and its rulings on those matters will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). When making an award of alimony and a division of property, the court should consider several factors, including the future prospects of the parties; their ages, health, and stations in life; the length of their marriage; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Johnson v. Johnson,565 So.2d 629 (Ala.Civ.App. 1989). Each case must be determined on its own facts and circumstances. The division of property does not have to be equal, but must be equitable. Id.
Further, the award of an attorney fee in a divorce action is a discretionary matter for the trial court and the trial court's ruling on that matter will not be reversed on appeal except for an abuse of discretion. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985). Factors the trial court should consider in making such an award include the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties.
The parties had been married approximately 40 years; both parties are in their early 60's. The husband is in good health. The wife recently experienced colon cancer. Although she worked during much of the marriage, she has not worked since her surgery and resulting chemotherapy. The wife sued for a divorce because of the husband's long-term adulterous affair. The husband admitted at trial that the affair had gone on for approximately eight years. There was evidence that the husband had established a separate business entity to pay for his paramour's expenses, including the costs of a car and a home. There was further evidence that the husband had been mentally and *Page 931 
physically abusive to the wife. The court divorced the parties on the grounds of adultery and incompatibility.
The marital estate was appraised by the court at $1,254,253. The bulk of the estate consists of the husband's corporation, Colombia Neon. The parties purchased the corporation in 1976, mortgaging most of their assets as collateral for the loan they made to purchase the corporation. The husband owns all the stock in the corporation and is the sole director. At the time of the trial, the corporation was valued at approximately $860,000, with $450,000 in cash reserves and several hundred thousand dollars in real estate and inventory.
There was extensive testimony concerning the tax consequences involved in the division of the marital estate. At the close of the evidence, the court requested that it be allowed to hire an independent tax consultant to assist with the division; the parties agreed. It appears from the record that the court incorporated the expert's division of property into its final judgment of divorce. That division is as follows:
Wife
Home and Lots $201,000
Furnishings $ 20,000
1988 Buick $ 3,500
Savings Account $108,000
Stock $ 29,000
IRA $ 2,147
Attorney Fee $ 13,500
 _________
 $377,147
Husband
Stock $ 48,582
Listerhill Account $ 6,551
1992 Automobile $ 3,500
Colombia Neon $859,937
 ________
 $918,570

In an effort to equalize the division of the estate, the expert reduced the wife's alimony to net present value and used this value as a deduction from the husband's award (making his net award $667,506) and as an addition to the wife's award (making her net award $628,211). The expert's report states:
 "The amount of cash payable in future periods was calculated to arrive at the present value (PV) by using an 8% annual interest rate and in the case of weekly alimony a 20 year life expectancy was used for [the wife]. All other figures were taken from the proposed settlements.
 "My proposed settlement is intended to split the total joint estate into approximately equal shares."
We applaud the court's attempt to divide the marital estate in an equitable and equal manner; however, the method utilized was incorrect. Reducing the wife's periodic alimony to net present value and using that figure to equalize the division of the marital estate was a plain and palpable abuse of the court's discretion. In substituting the net present value of periodic alimony for an award of alimony in gross, the court, in effect, deleted the wife's award of periodic alimony. This hybrid award of alimony is unacceptable. For the wife to receive her present value of the inchoate rights in the marital estate, she will have to remain unmarried for 20 years, and hope that the husband stays alive for 20 years. This is contrary to an award of alimony in gross. Fanning v. Fanning, 686 So.2d 333
(Ala.Civ.App. 1996).
After considering numerous factors, including the length of the marriage, the wife's ill health, her economic and homemaking contributions to the marriage, the husband's prolonged adulterous affair, and his cruelty to the wife, we conclude that the court's award of periodic alimony, the $13,500 award of alimony in gross to be used for an attorney fee, and the division of the marital estate were inequitable.
The judgment of the trial court is reversed and the case is remanded for the court to make its judgment more equitable in terms of the periodic alimony, alimony in gross, and attorney fee.
The wife's request for an attorney fee on appeal is granted in the amount of $2,000.
REVERSED AND REMANDED WITH INSTRUCTIONS. *Page 932 
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.