Annie Adams appeals from a judgment divorcing her and Lewis Adams, her husband of 41 years. She argues that the circuit court inequitably divided the marital property. We agree, and we therefore reverse the judgment of the circuit court and remand for that court to reconsider the division of property.
The wife is 59 years old and in good health. She lives with the parties' only child, a 37-year-old unmarried daughter. Neither the wife nor the daughter is employed. The parties agree that the daughter has "emotional problems," that she has always lived with her parents, and that she has never been employed. With the exception of several short-term or seasonal jobs, such as Christmas employment at a local department store, the wife was not employed during the marriage. When she married, she had a high school diploma. Between 1988 and 1990, she earned three degrees: two associate degrees (one in general education and one in retail merchandising) and a bachelor's degree in personnel management.
The husband is 62 years old and in poor health. After having cardiac-bypass surgery, he retired in 1994 from the Monsanto Corporation, where he had been employed for over 30 years. The husband testified that, after his retirement, he set up an investment account at A.G. Edwards Sons and that he intended that he, his wife, and his daughter would live on the interest from that account during his retirement. The parties were separated for a year before the divorce. At the time of the separation, the A.G. Edwards account balance was approximately $426,000. At the time of the divorce, the account balance was $367,542. The parties agree that the net monthly income from the investment account is $1,960. The husband testified that he will receive an additional $1,200 per month in Social Security benefits when he reaches age 65.
It is undisputed that, during the parties' one-year separation, the husband voluntarily deposited $1,000 per month in a checking account for the wife. It is also undisputed that the wife routinely overdrew that account in the amount of $500 to $700 every month.
The wife was awarded the marital home and an adjoining lot, together valued at between $50,000 and $56,000. She was also awarded all the furnishings of the home, valued at $2,000. The husband was ordered to pay the $3,000 mortgage indebtedness on the marital home, at a monthly payment of $155. The wife was awarded two vehicles valued at $3,000 each; the husband was awarded two vehicles valued at $3,500 and $3,000. The husband was awarded stocks worth $17,800 and the investment account totaling $367,542. The husband was ordered to pay the wife periodic alimony of $600 per month for three years and then $750 per month thereafter. The husband was also ordered to provide health insurance for the wife through a COBRA plan for as long as the law allowed.
The trial court awarded the wife assets totaling approximately $64,000 — or 16% of the marital property — and awarded the husband assets totaling approximately $385,000 — or 84% of the marital property. The husband argues that the award represents the trial court's recognition that the wife is financially irresponsible and that she cannot be trusted not to squander the parties' joint assets. The husband maintains, therefore, that the trial court did not abuse its discretion by declining to award the wife any portion of the investment account. We reject the husband's argument.
 "In a divorce action, a property settlement is made giving each spouse the value of their interest in the marriage. Each spouse has a right, even a property right in this."
Pattillo v. Pattillo, 414 So.2d 915, 917 (Ala. 1982). What each spouse may do with his *Page 827 
or her share of the marital property after the marriage is over may be relevant to, but should not be decisive of, the issue of how to divide the property.
 "When making . . . a division of property, the court should consider several factors, including the future prospects of the parties; their ages, health, and stations in life; the length of their marriage; the source, value and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Johnson v. Johnson, 565 So.2d 629 (Ala.Civ.App. 1989). Each case must be determined on its own facts and circumstances. The division of property does not have to be equal, but must be equitable. Id."
Bolton v. Bolton, 720 So.2d 929, 930 (Ala.Civ.App. 1998). A property division is final after 30 days from the judgment of divorce. Russell v. Russell, 386 So.2d 758 (Ala.Civ.App. 1980). Unlike an award of periodic alimony, a division of marital property cannot be modified upon a showing of changed circumstances. See Kahn v. Kahn, 682 So.2d 1377 (Ala.Civ.App. 1996).
In Henderson v. Henderson, [Ms. 2981092, February 18, 2000] ___ So.2d ___ (Ala.Civ.App. 2000), this court reversed a trial court's division of marital property, holding that "it is inequitable to deny the wife [who was unemployed and who did not have a retirement plan of her own] a portion of the husband's retirement benefits after 34 years of marriage." ___ So.2d at ___. See also Huckabee v. Huckabee, 544 So.2d 170
(Ala.Civ.App. 1989). In the present case, the wife also has no retirement plan or Social Security account of her own.
 "It has become axiomatic and repetitious for us to say in divorce cases that we review judgments with a presumption of correctness if the trial court has heard the testimony. That presumption, coupled with the principle that the awarding of alimony and the division of property in a divorce is a matter for the exercise of judicial discretion by the trial judge, usually prevents the court from finding error on appeal. We recognize that generally the trial court is better positioned to make such decisions than an appellate court. However, there are some cases when the presumption has less weight than others. When the award is clearly based primarily upon consideration of undisputed documentary and oral evidence and the judgment of the court indicates defective reasoning with failure to give weight to material parts of the evidence, the basis for the presumption is absent. This is such a case."
Roberts v. Roberts, 357 So.2d 150, 152 (Ala.Civ.App. 1977) (citations omitted). To the extent that the trial court determined that the wife was not entitled to any portion of the parties' investment account because she would likely squander those assets, the trial court misapplied the law of marital property. The trial court has discretion to consider a party's financial management skills as a factor in fashioning a marital property award, but it does not have discretion to deny a party an equitable share of the marital assets solely on the basis that, in its opinion, the party will likely mismanage the assets.
We hold that the property award to the wife is so disproportionate as to be inequitable and that it constitutes an abuse of discretion. We therefore reverse the judgment of the circuit court and remand the cause with directions that that court make an equitable division of the marital property.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result. *Page 828