PER CURIAM.
In May 1998, Karen L. Boyd sued Stewart R. Boyd for a divorce, alleging incompatibility and adultery. In her complaint, the wife sought, among other things, periodic alimony and a division of the marital property. After receiving ore tenus evidence, the trial court entered a judgment divorcing the parties. In that judgment, the court awarded the wife no periodic alimony and ordered that the parties’ real and personal property (with certain exceptions) be sold at public auction, with the proceeds to be applied to discharge the parties’ marital debts and the balance to be split evenly between the parties. The wife filed a postjudgment motion, which the trial court denied. The wife appealed.
When a trial court receives ore tenus evidence in a divorce case, a judgment based on its findings made from conflicting evidence is entitled to a strong presumption of correctness. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). The issues of alimony and property division must be considered together. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). The trial court’s judgment will be reversed only upon a showing that it is so unsupported by the evidence as to be plainly and palpably wrong. Id.
“No fixed standards or mathematical formulae govern the determination of alimony or the division of property. Brand v. Brand, 444 So.2d 866 (Ala.Civ. App.1984). Instead, trial courts should consider many factors in making such awards, including the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party’s potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property. Martejka v. Matejka, 647 So.2d 778 (Ala.Civ.App.1994). In appropriate cases, the trial court should also evaluate the conduct of the parties with reference to the divorce. Matejka.”
Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App.1996).
The record indicates that the parties were married for approximately 16 years. Two children were born of the marriage; both children are minors. The husband did not seek custody of the parties’ two minor children.
The trial court entered a temporary order awarding the husband visitation with the children while the divorce was pending. The wife alleged that the husband had failed to exercise visitation with the children and that he did not contact them on their birthdays or on holidays. The husband testified that the wife interfered with his visitation with the children and that she yelled at him when he exercised his visitation rights. He testified that he stopped visiting the children because he thought that the confrontations between the wife and him were causing the children distress.
During the early part of the parties’ marriage, the husband and wife drove a *358 tractor-trailer rig as a “team.” Later, the wife worked in the home while rearing the parties’ children. She also worked intermittently outside the home. At the time of the trial, the wife was attending college and was working part-time, earning $813 per month. The trial court determined that the husband’s monthly income as a truck driver was $3,000.
The wife alleged that the husband had had extramarital affairs and that she had found a pair of women’s underwear in his truck. The husband denied those allegations. The wife also alleged that the husband drank to excess and became abusive. The husband admitted that he drank alcohol and became intoxicated.
The wife argues that the trial court abused its discretion by ordering that almost all of the marital property be sold at public auction. This court addressed a similar property-division method in James v. James, 764 So.2d 549 (Ala.Civ.App.1999), rev’d on other grounds, Ex parte James, 764 So.2d 557 (Ala.1999). The trial court in James ordered that “all properties consisting of stock, corporations, land, personal property and anything other than cash shall be sold by private sale or public auction.” 764 So.2d at 553. This court held that the trial court abused its discretion by including the parties’ personal effects, such as clothing and furnishings, in the sale or auction order. This court further held that the trial court had not abused its discretion by ordering the sale or auction of the other marital property.
In this case, the trial court specifically excluded from the auction order the personal effects of the parties and of their children, as well as the children’s bedroom furniture. The trial court specifically included in the items to be auctioned the parties’ household furnishings. As we did in James, we hold that the trial court erred by including the furniture and other household items in the auction, because “ordering the parties to convert all such property to cash would serve only a punitive purpose.” James, 764 So.2d at 554. The trial court, on remand, is instructed to make an equitable division of the furnishings and other household items.
We affirm that portion of the trial court’s judgment ordering the sale of the other marital property. The marital property consists of the marital residence, several acres of farmland, fewer than 50 head of cattle, farm equipment, and some heavy machinery. The evidence indicates that the parties have accumulated substantial consumer debt and that a liquidation of these assets is necessary to avoid possible bankruptcy.
The wife also argues that the trial court erred in refusing to award her periodic alimony and in ordering that she receive only one-half of the auction proceeds. The parties were married for approximately 16 years. The wife worked with the husband for the first years of the marriage, and then she stayed home to rear the children. The wife’s current income is less than one-third that of the husband. The trial court’s order requires the parties to sell the marital home. The wife will have to find another place to live for herself and the two children. After considering the factors set forth in Covington v. Covington, supra, we must hold that the trial court’s refusal to award the wife periodic alimony amounts to an abuse of discretion. On remand, the trial court is instructed to reevaluate the division of property or to consider awarding the wife periodic alimony.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur in part and dissent in part.