Shirley A. Jenkins and Richard M. Jenkins were married in September 1964. In December 1997, the wife sued for a divorce. After receiving ore tenus evidence, the trial court entered a judgment that divorced the parties, divided their marital property, and awarded alimony to the wife. Both parties filed postjudgment motions, and the trial court amended its judgment. The wife appealed, arguing that the trial court erred in its property division and alimony award. *Page 988 
A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). On appeal, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is so unsupported by the evidence as to amount to an abuse of discretion. Id. An equitable division of marital assets is not necessarily an equal division, and the trial court is the judge of what is equitable. Parrish, supra. Some factors the trial court should consider in dividing marital property and setting alimony payments include "(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, . . . health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce." Echols v. Echols, 459 So.2d 910, 911-12
(Ala.Civ.App. 1984).
The parties are 54 years of age, and they were married for 34 years. Two children were born of the marriage; both are now adults. For most of the marriage, the wife worked in the home and reared the children. She worked outside the home in the early part of the marriage, while the husband completed his college education, and then again for approximately six months while both of the children were in college. The wife is an artist. She displays her work at art shows. The most she has earned in one year from selling her artwork is $3,000.
In 1975, the husband began a general contracting firm, Mark IV Constructors, Inc. The parties also formed a partnership, JJ Investments, through which they paid bills, such as their home-mortgage note. These businesses provided the principal income during the parties' marriage. The husband earned from these businesses approximately $80,000 in annual gross salary, or $51,000 in net income. Although the wife disputed those figures, during the trial, the judge noted that in previous hearings the husband had established his net income to be approximately $900 per week, or approximately $47,000 annually.
The wife alleged that the husband had been verbally abusive and controlling during the marriage. The wife admitted having an affair and, at the time of the trial, she was still in a relationship with the other man.
In its judgment, the trial court ordered that a commercial lot valued at $165,000 be sold and the proceeds from that sale be divided equally between the parties. Each party was also awarded an automobile. The trial court awarded the husband the $415,000 marital home, subject to its mortgage indebtedness of $160,000. The wife was to receive, within 30 days of the judgment, $100,000 as her portion of the parties' equity in the marital home. The trial court awarded the husband the two businesses, valued at $400,000. The trial court's division of the parties' stocks and certificates of deposit resulted in the husband's receiving $25,950 in assets and the wife's receiving $59,750 in assets. The husband was ordered to pay $1,000 in monthly periodic alimony to the wife for five years, to pay $1,310 for automobile repairs, and to pay any of the wife's medical bills that were outstanding at the time of the judgment. The husband was also ordered to maintain a $100,000 life-insurance policy on himself with the wife as the beneficiary.
The trial court's judgment, excluding the award of the alimony and life insurance to the wife, results in the husband's receiving approximately 72% of the marital assets and the wife's receiving approximately 28%. The wife argues that the division *Page 989 
was inequitable and amounted to an abuse of discretion.
The husband presented evidence indicating that assets are very important to the existence of his construction company. He testified that because a construction company cannot exist without a bonding capacity, he needed assets in order to obtain appropriate levels of bonding for the business. He testified that he did not want to leave the wife destitute and that he was willing to pay alimony. He testified, however, that he could not pay a large lump-sum settlement and still maintain the bonding capacity for his business and that without a sufficient bonding capacity, and assets to support that capacity, he could not maintain his construction business.
The trial court's property division and its alimony award are required to be equitable, not equal. Boykin v. Boykin, 628 So.2d 949
(Ala.Civ.App. 1993). Even when the parties are divorced on the grounds of incompatibility, the trial court may consider the conduct of the parties with regard to the breakdown of the marriage in fashioning its property division and its alimony award. Myrick v. Myrick, 714 So.2d 311
(Ala.Civ.App. 1998). In fashioning its property division, the trial court could have considered the wife's conduct. The trial court apparently considered that a different property division could damage the bonding capacity of the husband's business. Indeed, we recognize that a different division of property might result in leaving the husband without income sufficient to meet his obligations imposed under the divorce judgment, such as the payment of alimony. However, given the parties' ages and the disparity in their earning capacities, we must hold that the trial court erred in awarding the wife only five years of alimony. Therefore, we reverse the award of alimony and remand to the trial court to fashion a more equitable alimony provision.
REVERSED AND REMANDED.
Robertson, P.J., and Yates and Monroe, JJ., concur.
Crawley, J., dissents.