*1092 SHAW, Justice
(concurring specially).
I concur in denying the petition for the writ of certiorari. Although certiorari petitions are normally denied by an order of the Court without the issuance of an opinion of the Court or a writing of an individual Justice, I feel compelled, in response to the Chief Justice’s dissent and her characterization of this Court’s rationale for denying the petition as “hyperteehnical,” to express my reasons for concurring.
This is a divorce case. The petitioner, F. Scott Andrews, Jr. (“the husband”), and his former wife, Eva Sproull Andrews (“the wife”), were divorced in April 2008. The trial court divided the marital property between the two. According to the husband’s statement of facts, property valued at $35,200 was awarded to him and property valued at $1,434,663 was awarded to the wife.[1] The husband appealed.
The Court of Civil Appeals unanimously affirmed the trial court’s judgment in a no-opinion affirmance that cited no less than 20 supporting authorities, none of which the husband addresses in his petition. Andrews v. Andrews (No. 2070809, February 6, 2009), — So.3d -(Ala.Civ.App.2009) (table). The husband then petitioned this Court for certiorari review.[2]
“Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ.” Rule 39(a), Ala. R.App. P. A certiorari petition may be granted only pursuant to the grounds specified in Rule 39(a)(1) (civil cases and non-death-penalty criminal cases) or (2) (death-penalty cases). Rule 39(a)(1) states:
“In all civil cases and in all criminal eases other than cases in which the death penalty is imposed, petitions for writs of certiorari will be considered only:
[[Image here]]
“(D) From decisions in conflict with prior decisions of the Supreme Court of the United States, the Supreme Court of Alabama, the Alabama Court of Criminal Appeals, or the Alabama Court of Civil Appeals; provided that:
[[Image here]]
“2. Where it is not feasible to quote that part of the opinion either because no wording in the opinion clearly shows the conflict or because no opinion was issued, the petition shall state that this subparagraph is applicable and then state, with particularity, how the decision conflicts with a prior decision .... ”
(Emphasis added.) In addition, this Court grants certiorari review only when it “concludes that there is a probability of merit in the petition .... ” Rule 39(f), Ala. R.App. P.
In this case, the husband seeks certiora-ri review under Rule 39(a)(l)(D)(2), which, as noted above, requires that he “state, with particularity, how the decision conflicts with a prior decision.” The husband’s discussion of this ground is as follows:
“The decision of the trial court to award [the husband] only 2% of the marital estate is grossly inequitable and this Court has consistently reversed decisions wherein one party is awarded a *1093 disproportionate portion of the marital estate. In Kaufman v. Kaufman, 934 So.2d 1073 (Ala.Civ.App.2005), this Court reversed a divorce decree where the husband received approximately 77% of the marital estate and the wife received 23%. An award of only 16% to one party was also found to be ‘so disproportionate as to be inequitable.’ Adams v. Adams, 778 So.2d 825 at 827 (Ala.Civ.App.2000).
“And in a case where Wife was awarded only 13% of the parties’ assets, the Alabama Court of Civil Appeals cited this Court in Kaufman v. Kaufman, supra, and Adams v. Adams, supra, in concluding the trial court’s property division was inequitable. Cunningham v. Cunningham, 956 So.2d 1157 (Ala.Civ.App.2006).”[3]
From what the husband states in the text of his petition, those cases would appear to hold that the various ratios represented in the property divisions in those cases were inequitable. The husband does not, however, offer an actual discussion of the analysis undertaken by the Court of Civil Appeals in the above-cited cases in arriving at those holdings. Instead, he simply states the result of those decisions and then invites this Court — an invitation the Chief Justice accepts — to draw the conclusion that because the ratio in this case is similar, the property division should also be considered inequitable.
The cases the husband cites do not hold that, as a matter of law, a property division can be rendered inequitable by mere mathematical ratios.[4] In fact, although the appellate courts of this State have reversed judgments on the basis that the division of marital property is disproportionate, “there is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets.” Yohey v. Yohey, 890 So.2d 160, 164 (Ala.Civ.App.2004). “Even if a property division favors one party over the other, that is not, in and of itself, an abuse of discretion.” Jordan v. Jordan, 547 So.2d 574, 576 (Ala.Civ.App.1989). See also Jenkins v. Jenkins, 781 So.2d 986, 989 (Ala.Civ.App.2000) (“The trial court’s property division and its alimony award are required to be equitable, not equal.”).
The Chief Justice concludes that the cases cited by the petitioner indicate “that a judgment dividing a marital estate in such disproportionate shares is inequitable and unsupportable on appellate review.” 24 So.3d at 1096. Again, the cases cited by the husband do not hold that the disparity in the percentage of marital property awarded to each party is per se sufficient to show that a property division is inequitable. Instead, those cases explain that in *1094 dividing marital property the trial court undertakes a complex analysis of numerous factual components, including:
“ ‘[T]he future prospects of the parties; their ages, health, and stations in life; the length of their marriage; the source, value and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce.’ ”
Adams v. Adams, 778 So.2d 825, 827 (Ala.Civ.App.2000) (quoting Bolton v. Bolton, 720 So.2d 929, 930 (Ala.Civ.App.1998)). One cannot make a proper property-division determination without resort to an analysis of these factual components, and they are wholly unaddressed in the husband’s petition.
The husband has implied in his argument that the property division violates a proposition of law that is not discernible from the cited cases. The Chief Justice concludes, however, that this argument shows “with sufficient particularity” that the Court of Civil Appeals’ decision conflicts with the cases cited in the husband’s petition and that “there are special and important reasons” requiring this Court to exercise its discretion and issue the writ. I respectfully disagree, especially in light of the complex factual analysis that underpins each of the decisions in the cited cases.[5]
But this is only half the analysis this Court undertakes on preliminary examination of a petition for certiorari review. Once it is determined that the petition complies with the pleading requirements of Rule 39, this Court must also determine whether the petition illustrates a probability of merit. Rule 39(f), Ala. R.App. P. The Chief Justice does not undertake such an analysis in her dissent. I will now explain why I believe the petition also fails to show a probability of merit.
As stated above, a division of marital property in a divorce case “need not be equal, but must be graduated according to the particular circumstances of the case,” including the respective fault of the parties. Crowe v. Crowe, 602 So.2d 441, 443 (Ala.Civ.App.1992). A trial court’s property division is a fact-intensive analysis in which the trial court considers numerous factors, including “the source, value and type of property owned.” Adams, 778 So.2d at 827. Under the ore tenus rule, the trial court’s factual determination on these issues in a case in which it heard ore tenus evidence is presumed correct. Courtright v. Courtright, 757 So.2d 453, 456 (Ala.Civ.App.2000) (noting that, in an appeal challenging a division of marital property, “ ‘[a] divorce judgment based on ore tenus evidence is presumed correct ....’” (quoting O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996))). In such a case, the trial court’s judgment will be reversed only if there was “a plain and palpable abuse of discretion,” id., even if the property division “might appear disproportionate.” Mangina v. Mangina, 585 So.2d 1383, 1386 (Ala.Civ.App.1991) (emphasis added). See also Dowdy v. Dowdy, 473 So.2d 1091, 1093 (Ala.Civ.App.1985) (stating that the division of property in a divorce proceeding should be equitable, not necessarily equal, and that, after consideration of the equities, the division of property “ ‘is a matter for the discretion *1095 of the trial court, and will not be disturbed on appeal except upon a showing of palpable abuse’” (quoting Kirk v. Kirk, 371 So.2d 54, 55 (Ala.Civ.App.1979))). Again, the husband does not address any of the factors relevant in dividing marital property, much less explain how, if the writ were to issue, this Court would find that the trial court had exceeded its discretion in dividing the property or that its factual determinations are plainly and palpably wrong.
Furthermore, it is clear from the husband’s own statement of facts that the vast bulk of the marital estate consisted of funds held by the wife before the marriage or provided to the wife by her family. Specifically, the wife had an interest in the amount of approximately $637,152 in a trust account established by her parents “to distribute the family’s wealth.” The wife also held a “Morgan Stanley” account in her name that contained $690,702. According to the husband, the wife provided the “majority” of the family income from the interest on these accounts, which together total $1,327,854. As noted above, the trial court can consider, among other things, “the source” of the marital property, and it appears that a large portion of the property awarded to the wife was derived from sources outside the marriage. Adams, 778 So.2d at 827. The husband does not specifically contend in his petition, or provide a legal basis upon which to conclude, that he is entitled to any of these funds.
On the other hand, the facts describing the husband’s income and any money he brought into the marriage are vague. He states that he was employed as a “paint contractor” and then as a realtor, but he also states that his monthly income was insufficient to pay the family’s monthly bills. The husband does not indicate that he in any way contributed funds to the accounts held by the wife.
I also question how the husband and the Chief Justice can use the figure of $1,434,663 in determining what proportion of the marital estate was awarded to the wife. The facts indicate that during the marriage the wife purchased a farm with “her” money. Although the husband included the value of the farm — $216,000—in the total amount of the marital property awarded to the wife — $1,434,663—the husband also states that the wife, before the divorce, deeded the farm property to a trust for the benefit of her children. Additionally, the husband states in his petition that he did not claim an interest in two other parcels of property the wife owned; that said, one of the properties, valued at $54,000, was also included in computing the total award to the wife. For all that appears, most of the $1,434,663 figure the husband claims was awarded to the wife consisted of accounts she held before the marriage, funds given to the wife by her parents, or property the husband either did not claim he was entitled to or the wife no longer owned at the time of the divorce.
The facts before us, which are provided by the husband, show that the wife brought a great deal of wealth into the marriage and that she left the marriage with both an award of a great deal of money and a large debt.[6] The husband does not present an argument, much less authority, showing that if this Court were to issue the writ, he could overcome the presumption of correctness afforded the trial court’s decision and show that he is entitled to any of these moneys. The cer-tiorari petition raises more questions as to the merits of its own arguments than to the propriety of the property division and the Court of Civil Appeals’ affirmance of *1096 the trial court’s judgment. I see no conflict with prior caselaw, no probability of merit, no special and important reasons to issue the writ, and no need to exercise the Court’s discretion to order the issuance of the writ. Therefore, I concur in denying the petition.
LYONS and STUART, JJ., concur.

. The wife was also awarded custody of the couple’s minor child.

. The Chief Justice has attached a copy of the husband's petition to her dissenting opinion. It is unfortunate that the details of the parties’ divorce, custody dispute, and private finances are now to be unnecessarily preserved for public view in the pages of the Southern Reporter. That said, I must also discuss some of these facts in order to respond to the Chief Justice's dissent.

. It appears that this portion of the petition was taken verbatim from a filing in the Court of Civil Appeals, because the husband refers to the Court of Civil Appeals as "this Court.”

. In fact, Kaufman v. Kaufman, 934 So.2d 1073 (Ala.Civ.App.2005), holds that the judgment dividing the property was to be reversed, in part, because the trial court improperly considered that some assets were not marital assets and improperly considered the parties’ settlement negotiations in making its property division. In Adams v. Adams, 778 So.2d 825 (Ala.Civ.App.2000), the trial court denied a party an equitable share of the marital assets solely on the basis that, in its opinion, the party would likely mismanage the assets. And Cunningham v. Cunningham, 956 So.2d 1157 (Ala.Civ.App.2006), while acknowledging the ratios of the awards in Adams and Kaufman as inequitable, reversed a judgment dividing property because the property division left a disabled party, who was awarded no alimony, with insufficient means to meet her basic expenses. As discussed below, there are no similar facts in the instant case.

. I believe that to properly state a conflict with prior caselaw as grounds for review the husband would need to state the factors for determining a property division and then show how the specific facts of this case relate to those factors and indicate that the property division he is challenging is inequitable.

. The trial court also required the wife to assume approximately $426,191 in debt.