800 So.2d 595 (2000)
Lana M. HENDERSON
v.
Henry A. HENDERSON.
Henry A. Henderson
v.
Lana M. Henderson.
2981092.
Court of Civil Appeals of Alabama.
February 18, 2000.
Concurring Opinion on Overruling of Rehearing April 21, 2000.
*596 Donna Wesson Smalley, Tuscaloosa, for appellant/cross appellee Lana M. Henderson.
Neil Taylor, Jr., Russellville, for appellee/cross appellant Henry A. Henderson.
*597 YATES, Judge.
In February 1998, Lana M. Henderson sued Henry A. Henderson for a divorce, alleging incompatibility of temperament, an irretrievable breakdown of the marriage, and a history of abuse by the husband. The court entered a pendente lite order granting the wife a restraining order against the husband and ordering the husband to pay $1,000 per month in temporary alimony. Following an ore tenus proceeding on May 14, 1999, the court entered a judgment divorcing the parties and dividing the parties' real and personal property. The court awarded the wife the marital residence, valued at $120,000, and awarded the husband several tracts of land, valued at $64,500. The court further awarded each party a one-half interest in a $75,000 certificate of deposit and ordered the husband to continue to provide health-insurance coverage for the wife and to be responsible for future payments through a COBRA plan. The court denied the wife periodic alimony, reserving the issue "upon good cause shown," and denied her an interest in the husband's retirement benefits, stating: "[T]he [wife] failed to persuade or convince this Court of adultery or physical or mental abuse by the [husband]. Accordingly, the Court awards the [husband] all right, title, and interest in his retirement from his employment." The court also awarded the husband all right, title, and interest in certain shares of Chevron corporate stock. The wife appealed, arguing that the court erred in refusing to award her periodic alimony; in failing to divide the husband's retirement funds; and in failing to award her an attorney fee. The husband cross-appealed, stating, "The Cross-Appeal is caused by the fact that the Wife has gotten 2/3 of the now accumulated value."
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court's discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; their station in life; the marital properties and their sources, values and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, an attorney fee may be allowed in a divorce case, in the discretion of the trial court. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
The parties were married in 1964 and lived together as husband and wife until the husband vacated the marital residence *598 in 1998. Two children were born of the marriage: the older child was 32 at the time of the proceeding; the younger child died at age 12. Both parties worked throughout the marriage. The wife did not graduate from high school; she worked primarily in factories; and she stopped working after the death of the child. The wife stated that she began receiving Social Security disability benefits in 1994 and that she currently receives approximately $600 per month in benefits. She also stated that she was not eligible for retirement benefits from any of her previous employers and that she could not support herself on her disability income only. The wife testified that she had been diagnosed with major depression and that she had attempted suicide several years ago. She accused the husband of physical and emotional abuse and of committing adultery with numerous women throughout the marriage. At the time of the hearing, the wife was age 52.
The husband has worked in the coal mining industry for the past 23 years. The record indicated for 1997 his wages were $51,468; a personnel representative from the husband's company reported the husband's current annual salary as $62,840. Additionally, the husband's projected retirement benefits from the United Mine Workers Association (UMWA) would be $704.33 if he retired at age 55 and $888.75 if he retired at age 62. He also will be entitled to Social Security retirement benefits; the record indicates that he will receive $1,250 at age 65 or $1,655 at age 68. The husband was age 55 at the time of the hearing.
Numerous witnesses testified on behalf of both the parties, giving conflicting testimony regarding the allegations of domestic violence and adultery. The husband denied abusing the wife, although he admitted that the parties had had physical altercations and that he recalled hitting the wife on at least three occasions. The husband accused the wife of physically assaulting him and of falsely accusing him of committing adultery with several women. The wife stated that the husband had stopped his physical abuse after her last suicide attempt in 1996, when he was confronted by her doctor and told to stop being abusive toward her. The wife called as a witness an expert in domestic violence, who described the characteristics of domestic violence and stated that it was not unusual for a spouse to remain in an abusive relationship or to remain silent about the abuse.
After thoroughly reviewing the extensive record, we conclude that the court erred in denying the wife periodic alimony. As stated previously, the applicable law requires the court, in considering whether to award periodic alimony, and if so, how much, to consider factors such as the length of the marriage, the earning capacity of the parties, their ages and health, and the conduct of the parties. It is undisputed that the wife's income consists solely of $600 per month in disability benefits, while the husband earns over $5,000 per month from his employment. Considering the great disparity in the parties' income and the health of the parties, we conclude that the wife is entitled to periodic alimony. We, therefore, reverse that portion of the court's judgment denying the wife periodic alimony.
Although we note the trial court's discretion in weighing conflicting testimony, we find no basis for the court's statement that, given her failure to prove adultery and abuse, the wife is not entitled to a portion of the husband's retirement benefits. The court may consider the future or current retirement benefits of a spouse in determining the total marital assets. § 30-2-51, Ala.Code 1975; G.K.M. v. E.B.M., *599 728 So.2d 1102 (Ala.Civ.App.1998). The husband's interest in his UMWA pension was accumulated during the parties' marriage, as was his interest in the Chevron stock. The wife has not been employed for the past 10 years and does not have a retirement plan of her own. It is inequitable to deny the wife a portion of the husband's retirement benefits after 34 years of marriage. We, therefore, reverse that portion of the judgment awarding the husband sole rights to his interest in the retirement plan.
Last, we recognize the court's discretion to award or to deny an attorney fee; however, it is well settled on that question that the court should consider factors such as the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation. Grice v. Grice, 673 So.2d 772, 776 (Ala.Civ.App. 1995). We conclude that the wife is entitled to an attorney fee. Accordingly, we reverse that portion of the court's judgment denying the wife an attorney fee.
The husband's convoluted argument is without merit.
The case is remanded for the trial court to award the wife periodic alimony, a portion of the husband's retirement benefits, and an attorney fee. The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I concur as to the retirement-benefits issue, but I join Judge Thompson's dissent on the periodic-alimony issue. In addition, I dissent as to the attorney-fee issue. See Athey v. Athey, 757 So.2d 1196 (Ala.Civ. App.1999) (Crawley, J., concurring in part and dissenting in part).
THOMPSON, Judge, concurring in part and dissenting in part.
I dissent from the reversal of the trial court's judgment as it relates to the issue of periodic alimony. I conclude that this court is substituting its judgment for that of the trial court. I do not find that the trial court abused its discretion in reserving the issue of periodic alimony. Otherwise, I concur.
CRAWLEY, J., concurs.

On Application for Rehearing
YATES, Judge.
APPLICATION OVERRULED; RULE 39(k) MOTION DENIED.[*]
ROBERTSON, P.J., and MONROE, J., concur.
THOMPSON, J., concurs specially.
CRAWLEY, J., concurs in part and dissents in part.
THOMPSON, Judge, concurring specially.
Although I concurred in part and dissented in part from the opinion of February 18, 2000, I concur in the denial of the application for rehearing. I conclude that *600 the husband's brief on application for rehearing is inadequate and does not justify a review of this court's original opinion.
NOTES
[*] Note from the reporter of decisions: On July 21, 2000, the Supreme Court granted Henry A. Henderson's petition for certiorari review (docket no. 1991497). The Supreme Court's docket sheet indicates that on December 15, 2000, the parties filed a "notice of reconciliation," and the docket sheet carries this entry dated December 27, 2000: "Notice of reconciliation treated as a motion to dismiss and is granted, Cert. petition is dismissed."