On Application for Rehearing
 

 PITTMAN, Judge.
 

 The opinion of November 19, 2010, is withdrawn, and the following is substituted therefor.
 

 David L. Rose (“the former husband”) appeals from a judgment of the Calhoun Circuit Court holding him in contempt for stopping payment of a share of his military-retirement benefits (referred to herein as “the former husband’s benefits” or “his benefits”) to Ruby F. Rose (“the former wife”), which the former husband was ordered to pay pursuant to the parties’ divorce judgment. The trial court premised its decision on its conclusion that the former wife’s award of a share of the former husband’s benefits constituted an unmodifiable division of marital property. We affirm in part, reverse in part, and remand this case with instructions.
 

 The parties were divorced in 1993. In October 2008, the former wife petitioned the trial court for a calculation of arrear-age, alleging that the former husband had stopped payment of her award of a share of his benefits, and asked the trial court to hold the former husband in contempt.
 
 *431
 
 The former husband responded, denying the former wife’s claims, and filed a counterclaim for a modification or termination of the former wife’s award of a share of his benefits. The former wife responded in opposition.
 

 After hearing arguments and reviewing briefs submitted by each party at the trial judge’s request, the trial court concluded that the former wife’s award of a share of the former husband’s benefits was an unmodifiable division of marital property, and it held the former husband in contempt for having stopped payment of the former wife’s share of his benefits. The former husband filed a postjudgment motion and a motion to stay the execution of the trial court’s order, which motions were both denied; he thereafter timely appealed to this court.
 

 The former husband raises one issue on appeal: whether the former wife’s award of a share of his benefits constitutes an unmodifiable division of marital property or whether, in the alternative, the former wife’s award constitutes an award of periodic alimony. Because the issue raised on appeal is a legal issue, we review the trial court’s decision
 
 de novo
 
 without affording any presumption of correctness to the trial court’s decision.
 
 Boudreau v. Slaton,
 
 9 So.3d 495, 498 (Ala.Civ.App.2008).
 

 The facts of this case are not disputed. When the parties divorced in 1993, the divorce judgment identified, and provided for the division of, three “assets,” including the former husband’s benefits; the division of those “assets” was outlined in an agreement of the parties, which was incorporated into the judgment and referred to therein as a “property settlement.” The judgment provided that each party would receive a 50% share of the former husband’s benefits, that the former wife would be entitled to one-half of any cost-of-living increases to his benefit payments, and that the former wife’s entitlement to his benefits would terminate if she were to remarry or die. The record reveals that, once the former wife began receiving payments of the former husband’s benefits, she listed those payments as income on her tax filings.
 

 In October 2008, the former husband contacted the Defense Finance and Accounting Service (“DFAS”), the agency responsible for issuing his benefits, and instructed DFAS to stop issuing payments to the former wife. The DFAS complied, which prompted the former wife to seek an arrearage of the unissued payments and a finding that the former husband was in contempt. In response, the former husband argued that the former wife’s award, which he claimed was an award of periodic alimony, should be modified based on a change in circumstances or be terminated under Ala.Code 1975, § 30-2-55, because, he said, the former wife was cohabiting with a member of the opposite sex.
 

 The record indicates that the parties submitted briefs to argue their positions as to the proper classification of the former wife’s award of the former husband’s benefits. Additionally, the record reveals that the parties adduced evidence at trial for the trial court to weigh in determining whether to modify or terminate that award as urged by the former husband, in the event that the trial court classified that award as periodic alimony. The parties stipulated that the case did not involve the issue whether the former wife had remarried under common law, which, if proven, would have invoked the provision of the divorce judgment stating that payment of the former wife’s share of the benefits should cease upon remarriage. However, the former wife stipulated at trial that she had been cohabiting with a member of the opposite sex for the five years prior to the trial.
 

 
 *432
 
 On appeal, the former husband asserts that the trial court erred in concluding that the former wife’s award of a share of his benefits is an unmodifiable division of marital property; he contends that the former wife’s award is a modifiable award of periodic alimony because, he says, the former wife’s receipt of those benefits under the divorce judgment is not permanent.
 

 The former wife argues that her award of the former husband’s benefits is an unmodifiable division of marital property, which is a form of alimony in gross. She relies heavily on
 
 Ex parte Vaughn,
 
 634 So.2d 533 (Ala.1993), and argues that, because Alabama decisions have previously stated that retirement benefits may be divided as property pursuant to a property settlement or as alimony in gross, her award must be classified as a property settlement; she erroneously asserts that
 
 Vaughn
 
 stands for the proposition that because retirement benefits may be divided as marital property in a unmodifiable property settlement, those benefits necessarily cannot be used as a source of periodic alimony.
 

 The former wife’s argument oversimplifies the issue. Although retirement benefits
 
 may
 
 be divided as property, such benefits are equally available as a source of income from which to pay periodic alimony.
 
 Singleton v. Harp,
 
 689 So.2d 880, 882 (Ala.Civ.App.1996);
 
 see also Daniel v. Daniel,
 
 841 So.2d 1246, 1251 (Ala.Civ.App. 2002), and
 
 Strong v. Strong,
 
 709 So.2d 1259, 1261 (Ala.Civ.App.1998).
 

 Because there is no requirement that retirement benefits, in the event of a divorce, be treated only as a source of alimony in gross or as marital property subject to equitable division, the issue with which we are faced is whether, as a legal matter, the former husband’s benefits are to be viewed as a
 
 source
 
 of periodic alimony or as marital property equitably divided among the parties (whether alimony in gross or property subject to equitable division).
 
 [1]
 
 Both parties concede that the divorce judgment refers to the former husband’s benefits as one of the three “assets” divided pursuant to an agreement of the parties; they further concede that that agreement was incorporated into the divorce judgment and is labeled therein as a “property settlement.” Nonetheless, it is well settled that “the substance of the award takes precedence over the form or label.”
 
 Kenchel v. Kenchel,
 
 440 So.2d 567, 569 (Ala.Civ.App.1983);
 
 see also Kelley v. State Dep’t of Revenue,
 
 796 So.2d 1114, 1117 (Ala.Civ.App.2000) (labels are not controlling on the question of the true nature of the obligation). Therefore, we must consider the nature of the former wife’s award to determine its classification.
 

 It is well settled that alimony in gross “ ‘must satisfy two requirements[:] (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’ ”
 
 Daniel,
 
 841 So.2d at 1250 (quoting
 
 Cheek v. Cheek,
 
 500 So.2d 17, 18 (Ala.Civ.App.1986));
 
 see also Kelley,
 
 796 So.2d at 1117. “It must also be payable out of the present estate of the paying spouse as that estate exists at the time of the divorce.”
 
 Daniel,
 
 841 So.2d at 1250. Such an award is intended as “ ‘compensation for the [recipient spouse’s] inchoate marital rights [and] ... may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable.’ ”
 
 Daniel,
 
 
 *433
 
 841 So.2d at 1250 (quoting
 
 Hager v. Hager,
 
 293 Ala. 47, 54, 299 So.2d 743, 749 (1974)).
 

 On the other hand, periodic alimony need not be payable out of the estate of the paying spouse as it exists at the time of the divorce.
 
 Bray v. Bray,
 
 979 So.2d 798, 801 (Ala.Civ.App.2007). A periodic-alimony award “ ‘ “is an allowance for the future support of the [recipient spouse]” ’ ” and is subject to modification or termination under § 30-2-55.
 
 Bray,
 
 979 So.2d at 800 (quoting
 
 Daniel,
 
 841 So.2d at 1250, quoting in turn
 
 Hager,
 
 293 Ala. at 55, 299 So.2d at 750). Periodic alimony is also distinguishable from alimony in gross because it is treated as taxable income to the party receiving the award.
 
 Adkins v. Adkins,
 
 61 So.3d 1071, 1077 (Ala.Civ.App.2010).
 

 The source of periodic-alimony payments must be the current income of the payor spouse.
 
 Smith v. Smith,
 
 866 So.2d 588, 591 (Ala.Civ.App.2003) (holding that a retirement account from which a payor spouse was not already drawing benefits could not be a source of periodic-alimony payments). However, “a trial court may consider retirement accounts as a source from which a party may be required to pay alimony if the trial court has evidence from which it can determine that those retirement accounts are being used as a source of current income to the party.”
 
 Stamm v. Stamm,
 
 922 So.2d 920, 923 (Ala.Civ.App.2004). Evidence that a person has begun drawing retirement-benefits from his or her account has been held sufficient to establish that such benefits constitute a source of current income.
 
 See Yohey v. Yohey,
 
 890 So.2d 160, 168 (Ala. Civ.App.2004);
 
 see also Stamm,
 
 922 So.2d at 924.
 

 In
 
 Yohey,
 
 we held that a trial court had acted properly in requiring a payor spouse to treat his retirement account as a source from which to pay periodic alimony even though he had testified that the draws from that account had been made only for emergency purposes.
 
 Yohey,
 
 890 So.2d at 168. We reached that result because the trial court could have discredited his testimony and concluded that he had used those drawn benefits as current income to pay for general living expenses. Similarly, in
 
 Stamm,
 
 a payor spouse testified that he had been drawing benefits from his retirement account, but he did not indicate the purpose for which he had drawn the benefits. We concluded that the trial court could have properly inferred that he had drawn benefits to pay for general living expenses.
 
 Stamm,
 
 922 So.2d at 924.
 

 Our review of the record here leads us to the conclusion that the former husband’s benefits are a source of income for payment of a periodic-alimony award. It is undisputed that payments are currently being issued from the former husband’s retirement account; the former wife had previously been issued payments from that account before the payments were discontinued at the direction of the former husband. The record also shows that the former wife has listed her share of the former husband’s benefits as income in her tax filings — a characterization that would not be valid if the former husband’s benefits had been divided as marital property.
 

 Additionally, the former wife’s award of a share of the former husband’s benefits cannot be deemed to constitute an unmodifiable division of marital property, or alimony in gross, because both the time at which the former wife’s award will completely vest and the total amount the former wife will receive are
 
 indefinite. See Kelley,
 
 796 So.2d at 1117. As a result, that award is judicially modifiable pursuant to § 30-2-55 because it was incorporated into the divorce judgment.
 
 See Ex Parte Murphy,
 
 886 So.2d 90, 94 (Ala.2003)
 
 *434
 
 (if parties to a divorce proceeding have entered into an agreement in anticipation thereof, and request incorporation of all or part of the agreement into the judgment, the agreement, if incorporated, loses its contractual nature insofar as the right to modify is concerned).
 
 [2]
 
 Therefore, we reverse the trial court’s judgment as to that issue.
 

 The former husband further contends that if indeed the former wife’s award of a share of his benefits is determined to be an award of periodic alimony, which we have determined to be the case, then the trial court erred by not terminating the former wife’s award pursuant to Ala.Code 1975, § 30-2-55. We agree.
 

 Alabama Code 1975, § 30-2-55, is clear:
 

 “Any [judgment] of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the [divorce judgment] and
 
 proof
 
 that the spouse receiving such alimony has remarried or that such spouse is living openly or
 
 cohabiting with a member of the opposite sex.”
 

 (Emphasis added.) This case is distinguishable from the more common case where cohabitation is to be determined based upon a factual inquiry that is dependent upon the sifting of conflicting evidence and upon inferences properly drawn from particular items of evidence. Here, the former wife’s counsel stipulated, and the former wife herself admitted, that she had been cohabiting with a member of the opposite sex, which obviates the need for a factual inquiry into the issue of cohabitation; that issue is, in effect, no longer in dispute.
 
 See Ex parte Ward,
 
 782 So.2d 1285, 1288 (Ala.2000) (holding that “[a] trial court cannot ignore undisputed evidence,” and reversing a trial court’s judgment determining that no cohabitation had existed where the recipient spouse, although not going so far as to stipulate to cohabiting, had given undisputed testimony that she had lived with, and had had sexual relations with, her paramour for 12 years).
 
 [3]
 

 Because we have determined that the former wife’s award of the former husband’s benefits is an award of periodic alimony, we must remand this case to the trial court to enforce “the mandate of [Ala. Code 1975,] § 30-2-55,” in light of the former wife’s admission, and her counsel’s
 
 *435
 
 stipulation on her behalf, that she has been cohabiting with a member of the opposite sex, under which circumstance “the trial court is required to terminate the periodic alimony.”
 
 Russell v. Russell,
 
 586 So.2d 12, 13 (Ala.Civ.App.1991) (“Upon ... proof that the [recipient spouse] has remarried or is living openly or cohabiting with a member of the opposite sex, the trial court has the duty ... to terminate such alimony.”). On remand, the trial court should apply § 30-2-55 to the undisputed facts of this case.
 
 See Ward,
 
 782 So.2d at 1288 (although a payor spouse is not entitled to a refund for alimony paid after the recipient spouse began cohabiting with a member of the opposite sex, alimony ceases to accrue or mature past the date on which cohabitation began).
 

 We note, however, that although the former husband is correct in his assertion that the trial court is required to terminate payment of his benefits as of the time cohabitation begins, that judicial duty does not render erroneous a finding of contempt for failure to pay alimony benefits that are due under a judgment after the time that cohabitation has commenced where no modification proceedings have been undertaken. Even though the former husband has correctly contended that the former wife’s award of a share of his benefits was statutorily
 
 subject to
 
 modification or termination, the trial court could have nevertheless determined, as it did, that the former husband’s conduct in contacting the DFAS and terminating the payments unilaterally was not the appropriate means of effectuating § 30-2-55.
 
 See Scott v. Scott,
 
 38 So.3d 79, 86-87 (Ala.Civ.App.2009) (discussing alternatives to unilaterally terminating periodic-alimony payments that should be utilized when a payor spouse believes he or she should no longer be obligated to make such payments). We further note that determinations of contempt are “ ‘committed to the sound discretion of the trial-court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.’ ”
 
 Stamm,
 
 922 So.2d at 924 (quoting
 
 Stack v. Stack,
 
 646 So.2d 51, 56 (Ala.Civ.App.1994)). For that reason, we affirm the judgment under review as to the contempt finding.
 

 APPLICATION GRANTED; OPINION OF NOVEMBER 19, 2010, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 [1]
 

 . Under Alabama caselaw, an award of alimony in gross is considered to be "a form of property settlement.”
 
 Daniel,
 
 841 So.2d at 1250 (citing
 
 Hager v. Hager,
 
 293 Ala. 47, 54, 299 So.2d 743, 749 (1974)).
 

 [2]
 

 . Although it is undisputed that the parties’ settlement agreement was incorporated into the divorce judgment, we nevertheless would have held that the former wife’s award is a periodic-alimony award that is judicially modifiable pursuant to § 30-2-55 because her award is contingent on whether she remarries. We reject the former wife’s argument that this case falls in line with
 
 Stockbridge v. Reeves,
 
 640 So.2d 947 (Ala.Civ.App.1994), and
 
 Singleton v. Harp,
 
 689 So.2d 880 (Ala.Civ. App.1996), cases in which this court affirmed trial court determinations that military-retirement benefits had been divided pursuant to a property settlement. Those cases are significantly distinguishable from this case because the award of a portion of the military-retirement benefits in each of those cases were not contingent on whether the recipient spouse remarried.
 

 [3]
 

 . Because the former wife stipulated that she had been cohabiting with a member of the opposite sex for the five years preceding trial, the record reveals undisputed evidence that the former wife was cohabiting with a member of the opposite sex. Thus, any factual inquiry into the array of factors that a trial court may typically weigh in determining whether cohabitation exists would be useless because of the undisputed evidence establishing cohabitation; any determination on the record that the former wife had not cohabited would be plainly wrong.
 
 See Ward,
 
 782 So.2d at 1288 (holding that a trial court’s determination that cohabitation did not exist, in direct contradiction of the recipient spouse’s admissions, was error).