THOMPSON, Presiding Judge.
Cheri Denise Spuhl (“the wife”) appeals from a judgment divorcing her from Robert Spuhl (“the husband”). The judgment, which incorporated an agreement of the parties regarding custody and the division of certain real property, ordered the husband to pay the wife periodic alimony and child support, divided the marital property, and allocated debt.
*340 Briefly, the record indicates the following. The parties married in January 1993. Two children (“the children”) were born of the marriage. The wife had two other children from a previous marriage; they were adults at the time of this action. At trial, the wife contended that the husband had an affair, which was continuing at the time of the trial, and that the affair was what had caused the breakdown of the marriage. The husband, on the other hand, testified that he had asked the wife for a divorce as early as 2004. The evidence indicated that the parties frequently argued, yelling at each other and calling each other vulgar names. At times, the arguments turned physical. The husband testified to an incident in which he and the wife were arguing and the wife “grabbed” his genitals and then scratched him.
When the parties married, the husband was in the United States Army. He had been in the army since December 1983. The husband retired from the army as a lieutenant colonel in 2005, and the family then moved to Huntsville, where the husband worked as a civilian. At the time the husband filed this action, his gross monthly salary was $8,993.81. From his employer, the husband also earned bonuses, his cellular-telephone bill was paid, and, in 2010, he received a $4,800 distribution from his employer’s “SAR account.” In addition, the husband received military-retirement benefits of $3,802 each month, which included a Veterans Affairs’ waiver of $376. The husband’s gross monthly income at the time of the trial was $14,951.14; his average monthly net income was $9,390.
The wife did not work outside the home during the marriage. She testified that, because of the husband’s deployments, she was often the only person available to care for the children. The wife said that between running the household and her responsibilities as a military spouse, which included assisting other military spouses with any number of difficulties they may encounter, she found it impossible to have a career outside the home. At the time of the trial, the wife worked as a receptionist in a doctor’s office earning $11 hourly. She worked approximately 30 to 32 hours each week.
The parties did not own any real property at the time of the trial. They testified as to their personal property; the value of their various bank accounts, retirement accounts, and insurance policies; their three vehicles; and their debt.
After considering the evidence, the trial court entered a judgment dividing the parties’ personal property, their vehicles, and their various insurance policies, bank accounts, and retirement accounts, excluding the husband’s military-retirement benefits. The husband was ordered to pay the wife $2,250 each month in periodic alimony. The trial court stated that the amount of the wife’s periodic alimony was to be equal to 28% of the husband’s gross nondisability military-retirement benefits.
The trial court also ordered the husband to pay “basic child support” plus $606 a month for the children’s tuition at Holy Spirit School. The judgment further provides that once the children complete the eighth grade at Holy Spirit School, the wife has the option of sending them to a private high school, and the husband will continue to be responsible for $606 each month toward the tuition at a private high school. The wife is to be responsible for any costs in excess of $606 each month. The wife appeals from the judgment.
The wife contends that the trial court abused its discretion in the division of the marital property. Specifically, the wife asserts, the trial court erred when it did not include the husband’s military-re *341 tirement benefits as a marital asset when dividing the marital property and, instead, ordered that the periodic alimony she was to receive was to be paid from the husband’s military-retirement benefits.
Matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). However, regarding a question of law, this court indulges no presumption of correctness as to the trial court’s ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).
In the judgment, the trial court stated: “The award herein made to the Wife of a portion of the Husband’s military retirement benefits is being made as periodic alimony, in consideration of the opinion of the Court of Civil Appeals of Alabama in Rose v. Rose, [70 So.3d 429] (Aa.Civ.App., April 1, 2011).” In discussions with the attorneys during the trial, the trial court said that “there’s a recent case that said if a military — if the husband is already retired, any award I make to [the wife] from that retirement is in the nature of alimony which is subject to [§ ] 30-2-55[, Aa.Code 1975], Remarriage or cohabitation would stop it.” In their briefs to this court, the parties both represent to this court that the “recent case” to which the trial court was referring was Rose v. Rose, 70 So.3d 429 (Aa.Civ.App.2011). It appears that the trial court read Rose as prohibiting treating military-retirement benefits as a marital asset subject to division and as providing that such benefits could be awarded only as periodic alimony. The trial court has read Rose too narrowly.
In Rose, this court was called on to determine whether the parties’ divorce judgment providing the former wife a share of the former husband’s military-retirement benefits constituted an award of an unmodifiable division of marital property or whether it was a source of periodic alimony. The divorce judgment, which incorporated an agreement of the parties, provided for the division of “assets” identified by the parties, including the former husband’s military-retirement benefits. The judgment referred to the division of those assets as a “property settlement.” Rose, 70 So.3d at 431. The judgment stated that the former wife would receive 50% of the former husband’s retirement benefits, including any cost-of-living allowances. It went on to say, however, that the former wife’s entitlement to those benefits would terminate if she were to remarry or die. Id. When the former wife began receiving payments of the former husband’s benefits, she included them as income on her tax returns. Id.
The Defense Finance and Accounting Service (“DFAS”), the agency responsible for issuing military-retirement benefits, issued the former wife’s portion of the payments directly to her. The former husband learned that the former wife was cohabitating with a member of the opposite sex, and he contacted DFAS, instructing the agency to stop issuing payments to the former wife. DFAS complied, and the former wife filed an action to recoup the unissued payments and seeking to hold the former husband in contempt. The former wife contended that her award of 50% of the former husband’s military-retirement benefits was an unmodifiable division of marital property. The former husband characterized the award as periodic alimony. Id. at 431-32.
This court noted that, “[ajlthough retirement benefits may be divided as property, such benefits are equally available as a source of income from which to pay periodic alimony. Singleton v. Harp, 689 So.2d 880, 882 (Ala.Civ.App.1996); see also Dan *342 iel v. Daniel, 841 So.2d 1246, 1251 (Ala. Civ.App.2002), and Strong v. Strong, 709 So.2d 1259, 1261 (Ala.Civ.App.1998).” Id. at 432. We further noted that “there is no requirement that retirement benefits, in the event of a divorce, be treated only as a source of alimony in gross or as marital property subject to equitable division.” Id. After discussing the differences between alimony in gross, i.e., an unmodifiable award of property or a “property settlement,” and periodic alimony, and applying the elements of each form of award with the facts in Rose, we determined that the former wife’s award of a share of the former husband’s military-retirement benefits constituted an award of periodic alimony that was judicially modifiable. Id. at 433. Nothing in Rose should be read as limiting a trial court’s discretion as to whether to treat military-retirement benefits as marital property subject to equitable division or as a source of periodic alimony.
In this case, the husband contends that the trial court “properly used its discretion to properly treat the husband’s military retirement pension as a source of alimony.” However, in making the award of periodic alimony to the wife, the trial court acted under the impression that it had no choice in the matter. In other words, the trial court did not exercise its own discretion in making the award; instead, it believed that under Rose it was required to make such an award. In fact, it was not required to do so. The trial court could have determined that the wife was entitled to a share of the husband’s military-retirement benefits as part of an equitable division of the largest marital asset, which would not be subject to modification; or, the trial court could have determined that the wife was entitled not only to a share of the husband’s military-retirement benefits as part of a division of the marital property, but also that she was entitled to an award of periodic alimony. Accordingly, we reverse the trial court’s judgment as to its property division and its award of alimony and we remand this cause to the trial court so that it can exercise its discretion in dividing the parties’ marital assets, including the husband’s military-retirement benefits, and in awarding periodic alimony.
On appeal, the wife also contends that the trial court abused its discretion in awarding her $2,250 each month in periodic alimony. She asserts that that amount is insufficient for her needs and that the husband is able to pay more in periodic alimony than the amount the trial court awarded to her.
“ ‘Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995).’
“Henderson v. Henderson, 800 So.2d 595, 597 (Ala.Civ.App.2000).”
Kreitzberg v. Kreitzberg, 80 So.3d 925, 933 (Ala.Civ.App.2011). Because we are reversing the trial court’s judgment as to its division of property and its award of alimony and remanding this cause for the trial court to reconsider its division of marital property and its award of periodic alimony, we pretermit consideration of this issue.
The wife also argues that the trial court erred when it ordered the husband to pay $606 each month toward the children’s private-school tuition once they reach high school. In the judgment, the trial court ordered the husband to pay the tuition incurred for the children’s education at Holy Spirit School. The children can attend Holy Spirit School through the eighth grade; however, the school does not offer courses to students beyond the *343 eighth-grade year. The judgment provides:
“Thereafter, the [husband] shall be responsible for and pay the tuition required for the children to attend private school, if they attend private school; provided, however, that the amount to be paid by the [husband] each month shall not exceed the monthly amount paid by the [husband] for the children to attend Holy Spirit School, which is currently the sum of $606 per month....
“In the event the [wife] elects for either or both of the parties’ [children] to attend private school after their completion of the eighth grade at Holy Spirit School, she shall be responsible for and pay any. costs for said private schooling in excess of the amount herein ordered to be paid by the [husband] .... ”
The wife asserts that the language the trial court used regarding the payment of private-school expenses once the children reach high school “is impermissibly speculative and due to be reversed” because the court received no evidence regarding future private-school expenses, if any, or the possibility of “undue hardship” on the parties if they are required to pay the costs of sending the children to a private high school.
In support of her argument, the wife relies on Lockridge v. Lockridge, 77 So.3d 148, 157-58 (Ala.Civ.App.2011) (abrogated on other grounds, Faellaci v. Faellaci, 98 So.3d 521, 533 (Ala.Civ.App.2012)), and Martin v. Martin, 624 So.2d 192, 193 (Ala. Civ.App.1993). The circumstances in the cases cited by the wife are different than those in this case. In both Lockridge and Martin, fathers appealed from judgments ordering them to set aside money for their children’s postminority educations or otherwise were ordered to pay for their children’s postminority educations, even though the children were still too young to attend college. The fathers argued that awards of postminority support at that point in their children’s lives were premature because, they said, there was no evidence that such support would be necessary or proper.
Here, the husband, i.e., the party who was ordered to pay expenses for his children’s education, is not challenging the judgment. Moreover, to the extent the wife is asserting that the husband should be required to pay more than $606 each month for the children, who were 14 and 11 years old at the time of the trial, to attend private high school, she has failed to demonstrate that there is, in fact, a need for more money.[1] In the judgment, the trial court gave the wife the option of deciding whether to send the children to a private high school. Unlike postminority education, all children have the opportunity to obtain at least a high-school education without having to pay tuition. Some of the considerations involved in whether to award postminority support, for example, a child’s commitment to, or aptitude for, college, see Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989), are not involved here. If the wife elects to have the children attend a private high school, the husband has been ordered to pay $606 each month toward the cost — the same amount he now pays for the children to attend private school. We conclude that the wife has failed to demonstrate that the *344 trial court abused its discretion in ordering the husband to pay $606 each month toward the costs of private schooling if the children attend a private high school. Therefore, that portion of the judgment providing for private-school tuition is affirmed.
For the reasons set forth above, we reverse the trial court’s judgment as to its property division and its award of alimony, and we remand this cause to the trial court for it to exercise its own discretion when reconsidering the division of marital property and the award of periodic alimony, in light of this opinion. The remainder of the judgment is affirmed.
The parties’ requests for attorneys’ fees on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that child support, including the amount of tuition the parties must pay toward private school, is always subject to modification upon a showing of a material change in circumstances. See, e.g., Lindenmuth v. Lin-denmuth, 66 So.3d 267, 271 (Ala.Civ.App. 2010) (judgment specifying father’s child-support obligation and responsibility to pay half of eldest child’s college books and tuition expenses was subject to further modification upon proof of changed circumstances).