THOMPSON, Presiding Judge.
This is the second time that Cheri Denise Spuhl (“the wife”) and Robert Spuhl (“the husband”) have been before this court in connection with the division of marital property and the award of alimony in their divorce judgment. See Spuhl v. Spuhl, 99 So.3d 339 (Ala.Civ.App.2012). In the earlier opinion, this court found that, based on a comment the trial court had made during a discussion with the parties’ attorneys at the evidentiary hearing, it appeared that the trial court mistakenly believed that it was prohibited from treating military-retirement benefits as a marital asset subject to division and that such benefits could only be considered as a source of periodic alimony. Id. at 341. We reversed the judgment of the trial court as to the property division and the award of alimony and remanded the cause so that the trial court could exercise its discretion in dividing the parties marital assets, including the military-retirement benefits, and in awarding periodic alimony. Id. at 342.
On July 12, 2012, the trial court entered a judgment on remand (“the 2012 judgment”) reaffirming the terms and provisions included in the original divorce judgment dated June 24, 2011 (“the original divorce judgment”). The trial court stated that, at the time it entered the original divorce judgment, it had been mindful that it could “fashion the award [of military-retirement benefits] as either a property award or periodic alimony.” After considering its options and the evidence presented in this case, the trial court said, it entered the original divorce judgment, which “it determined was the fairest and most equitable to both parties.” In explaining its decision to reaffirm the amount of periodic alimony awarded to the wife in the original divorce judgment, the trial court wrote:
“Quite frankly, this court determined that both the [hjusband and the [w]ife submitted an unreasonable and inflated monthly expense budget into evidence in the trial of this case; and had to determine the [wjife’s reasonable and necessary monthly expenses, and therefore, her need for support for herself from the [h]usband; her own ability to earn income with which to meet, at least partially, those reasonable and necessary monthly expenses; and the ability of the [hjusband to contribute to her support, taking into consideration the other significant financial obligations imposed on him in the [judgment], as well as his own reasonable and necessary monthly expenses .... ”
The wife timely appealed from the 2012 judgment, contending that the trial court had abused its discretion in dividing the marital property and in awarding her only $2,250 a month in periodic alimony. She also claims that the trial court applied an incorrect standard in determining the amount of periodic alimony to be awarded.
In our previous opinion, this court set out the evidence contained in the record on appeal as follows:
“The parties married in January 1993. Two children (‘the children’) were born of the marriage. The wife had two other children from a previous marriage; they were adults at the time of this action. At trial, the wife contended that the husband had an affair, which was continuing at the time of the trial, and that the affair was what had caused the breakdown of the marriage. The husband, on the other hand, testified that he had asked the wife for a divorce as early as 2004. The evidence indicated that the parties frequently argued, yelling at each other and calling each other vulgar names. At times, the arguments turned physical. The husband testified *1074 to an incident in which he and the wife were arguing and the wife ‘grabbed’ his genitals and then scratched him.
“When the parties married, the husband was in the United States Army. He had been in the army since December 1983. The husband retired from the army as a lieutenant colonel in 2005, and the family moved to Huntsville, where the husband worked as a civilian. At the time the husband filed this action, his gross monthly salary was $8,993.81. From his employer, the husband also earned bonuses, his cellular-telephone phone bill was paid, and, in 2010, he received a $4,800 distribution from his employer’s ‘SAR account.’ In addition, the husband received military-retirement benefits of $3,802 each month, which included a Veterans Affairs’ waiver of $376. The husband’s gross monthly income at the time of the trial was $14,951.14; his average monthly net income was $9,390.
“The wife did not work outside the home during the marriage. She testified that, because of the husband’s deployments, she was often the only person available to care for the children. The wife said that between running the household and her responsibilities as a military spouse, which included assisting other military spouses with any number of difficulties they may encounter, she found it impossible to have a career outside the home. At the time of the trial, the wife worked as a receptionist in a doctor’s office earning $11 hourly. She worked approximately 30 to 32 hours each week.
“The parties did not own any real property at the time of the trial. They testified as to their personal property; the value of their various bank accounts, retirement accounts, and insurance policies; their three vehicles; and their debt.
“After considering the evidence, the trial court entered a judgment dividing the parties’ personal property, their vehicles, and their various insurance policies, bank accounts, and retirement accounts, excluding the husband’s military-retirement benefits. The husband was ordered to pay the wife $2,250 each month in periodic alimony. The trial court stated that the amount of the wife’s periodic alimony was to be equal to 28% of the husband’s gross nondisa-bility military retirement benefits.”
99 So.3d at 340-41.
In this appeal, the wife asserts that the trial court’s failure to divide the husband’s military-retirement benefits as a marital asset resulted in an inequitable division of marital property.
Our standard of review regarding a property division and an award of periodic alimony is well settled.
“When the trial court fashions a property division following the presentation of ore tenus evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So.2d 230, 235 (Ala.Civ.App.2001); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala.Civ.App.1993); and Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So.2d at 1038.”
Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009).
“The issues of property division and alimony are interrelated, and they must be considered together. Albertson v. Al *1075 bertson, 678 So.2d 118 (Ala.Civ.App.199[5]). A property division is not required to be equal, but it must be equitable. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996). In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages and health; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, [795 So.2d 729 (Ala.Civ.App.2001) ]; Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility, or, as here, where the trial court failed to specify the grounds upon which it based its divorce judgment. Ex parte Drummond, 785 So.2d 358 (Ala.2000); Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App.1998); Lutz v. Lutz, supra.”
Pate v. Pate, 849 So.2d 972, 976 (Ala.Civ.App.2002).
In this case, when the value of the husband’s military-retirement benefits is excluded from the calculation, the division of marital property is relatively even. The parties agree that the value of the marital property awarded to the wife is approximately $87,830 and the value of the marital property awarded to the husband is approximately $80,158. The wife’s share of the marital property, excluding the husband’s military-retirement benefits, is approximately 52%, and the husband’s share is approximately 48%. However, the largest marital asset — the military-retirement benefits the husband accrued during the course of the marriage — had a value of approximately $434,500, and it was awarded to the husband in its entirety.[1] When the $434,500 is included in the calculation of the division of marital property, the wife’s share of the total value of marital assets is slightly less than 15%; the husband’s share is slightly more than 85%.[2]
 The purpose of a property settlement in a divorce action is to give “each spouse the value of [his or her] interest in the marriage.” Pattillo v. Pattillo, 414 So.2d 915, 917 (Ala.1982). Moreover, we note that, unlike an award of periodic alimony, a division of marital property cannot be modified upon a showing of changed circumstances. See Kahn v. Kahn, 682 So.2d 1377 (Ala.Civ.App.1996).
In Henderson v. Henderson, 800 So.2d 595 (Ala.Civ.App.2000), this court reversed a trial court’s division of marital property, holding that “[i]t is inequitable to deny the wife [who was unemployed and who did not have a retirement plan of her own] a portion of the husband’s retirement benefits after 34 years of marriage.” Id. at 599. In Adams v. Adams, 778 So.2d 825 (Ala.Civ.App.2000), the division of marital property was similar to the division in this case. The trial court had awarded the wife assets of approximately $64,000, or 16% of the marital property, and had awarded the husband assets of approximately $385,000, or 84% of the marital property. Id. at 826. This court reversed the judgment, holding “that the property award to the wife is so disproportionate as *1076 to be inequitable and that it constitutes an abuse of discretion.” Id. at 827.
The record in this case indicates that neither party is blameless in causing the breakdown of the marriage — the parties appear to have had an acrimonious relationship even before the husband began the affair he was having at the time of the trial. As to the 18-year marriage itself, the wife did not work outside of the home because of the responsibilities placed on her as a result of the husband’s career. The parties both testified that the wife played an integral role in furthering the husband’s military career. Moreover, the wife said that when the husband was required to be away from home for long periods, she oversaw all that was necessary to keep the household running, and she was the children’s caretaker. We conclude that the trial court’s failure to award the wife any part of the husband’s military-retirement benefits — by far the parties’ largest marital asset — resulted in an inequitable division of marital property. Accordingly, the judgment is due to be reversed.
As has often been said, the award of periodic alimony is considered in conjunction with the division of the marital assets. Henderson v. Henderson, 800 So.2d at 597. Because the award of periodic alimony is considered in conjunction with the division of marital property, we must also reverse the trial court’s award of periodic alimony to the wife so that the trial court can reconsider its award of periodic alimony and marital property together. In doing so, we note that, in the case of military-retirement benefits, “[ajlthough retirement benefits may be divided as property, such benefits are equally available as a source of income from which to pay periodic alimony.” Rose v. Rose, 70 So.3d 429, 432 (Ala.Civ.App.2011). “[T]here is no requirement that military benefits, in the event of a divorce, be treated only as a source of alimony in gross or as marital property subject to equitable division.... ” Id. (emphasis added).
For the reasons set forth above, we reverse the judgment of the trial court and remand this cause for the trial court to equitably divide the marital assets and to reconsider its award of periodic alimony.
The wife’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. The wife acknowledges that only a portion of the husband's military-retirement benefits were accrued during the marriage and subject to division as marital property. The total value of the husband’s military-retirement benefits is more than $750,000.

. As to debt, the judgment made each party responsible for the debt in his or her name. At the time the original divorce judgment was entered, the wife owed a total of $15,824 and the husband owed a total of $27,124.