PER CURIAM.
This is the third time that Cheri Denise Spuhl (“the wife”) and Robert Spuhl (“the husband”) have been before this court in connection with the division of their marital property and the award of periodic alimony to the wife in their divorce case. See Spuhl v. Spuhl, 99 So.3d 339 (Ala.Civ. App.2012) (“Spuhl I ”); and Spuhl v. Spuhl, 120 So.3d 1071 (Ala.Civ.App.2013) (“Spuhl II”). In Spuhl I, this court reversed the judgment of the trial court as to the property division and the award of periodic alimony and remanded the cause for the trial court to exercise its discretion in dividing the parties’ marital assets, including the husband’s military-retirement benefits, and in awarding periodic alimony. 99 So.3d at 342.
In Spuhl II, the wife asserted that the trial court’s failure to divide the husband’s military-retirement benefits as a marital asset resulted in an inequitable division of the marital property. We agreed with the wife, noting that the purpose of a property settlement in a divorce action is to give “‘each spouse the value of [his or her] interest in the marriage.’ ” Spuhl II, 120 So.3d at 1075 (quoting PattiUo v. Pattillo, 414 So.2d 915, 917 (Ala.1982)). We explained:
“As to the 18-year marriage itself, the wife did not work outside of the home because of the responsibilities placed on her as a result of the husband’s career. The parties both testified that the wife played an integral role in furthering the husband’s military career. Moreover, the wife said that when the husband was required to be away from home for long periods, she oversaw all that was necessary to keep the household running, and she was the children’s caretaker. We conclude that the trial court’s failure to award the wife any part of the husband’s military-retirement benefits — by far the parties’ largest marital asset — resulted in an inequitable division of marital property. Accordingly, the judgment is due to be reversed.”
Id. at 1076. We then remanded the cause “for the trial court to equitably divide the marital assets” and, because the award of periodic alimony is considered in conjunction of marital property, Henderson v. Henderson, 800 So.2d 595, 597 (Ala.Civ. App.2000), “to reconsider its award of periodic alimony.” Id.
On the second remand, the trial court held a hearing, allowing the parties to argue their positions before entering another judgment. On February 1, 2013, the trial court awarded the wife $2,250 in monthly periodic alimony — the same amount of periodic alimony it had initially ordered in the original divorce judgment. It also awarded the wife, as periodic alimony, “an additional amount equal to 28% of the [h]usband’s disposable [military-]retirement benefits.” Subsequently, in response to the husband’s motion to alter, amend, or vacate the February 1, 2013, judgment, the trial court, on April 10, 2013, entered an amended judgment (“the April 2013 judgment”) reducing the wife’s periodic alimony to $1,600 a month. The trial court also awarded the wife 28% of the husband’s military-retirement benefits as a property settlement, as opposed to periodic alimony, payable to the wife each month when the husband received his retirement pay.
The wife appeals from the April 2013 judgment. In Spuhl I, we set forth the following facts relevant to this appeal:
“The parties married in January 1993. Two children (‘the children’) .were born of the marriage. The wife had two oth *399 er children from a previous marriage; they were adults at the time of this action. At trial, the wife contended that the husband had an affair, which was continuing at the time of the trial, and that the affair was what had caused the breakdown of the marriage. The husband, on the other hand, testified that he had asked the wife for a divorce as early as 2004. The evidence indicated that the parties frequently argued, yelling at each other and calling each other vulgar names. At times, the arguments turned physical. The husband testified to an incident in which he and the wife were arguing and the wife ‘grabbed’ his genitals and then scratched him.
“When the parties married, the husband was in the United States Army. He had been in the army since December 1983. The husband retired from the army as a lieutenant colonel in 2005, and the family moved to Huntsville, where the husband worked as a civilian. At the time the husband filed this action, his gross monthly salary was $8,993.81. From his employer, the husband also earned bonuses, his cellular-telephone phone bill was paid, and, in 2010, he received a $4,800 distribution from his employer’s ‘SAR account.’ In addition, the husband received military-retirement benefits of $3,802 each month, which included a Veterans Affairs’ waiver of $376. The husband’s gross monthly income at the time of the trial was $14,951.14; his average monthly net income was $9,390.
“The wife did not work outside the home during the marriage. She testified that, because of the husband’s deployments, she was often the only person available to care for the children. The wife said that between running the household and her responsibilities as a military spouse, which included assisting other military spouses with any number of difficulties they may encounter, she found it impossible to have a career outside the home. At the time of the trial, the wife worked as a receptionist in a doctor’s office earning $11 hourly. She worked approximately 30 to 32 hours each week.
“The parties did not own any real property at the time of the trial. They testified as to their personal property; the value of their various bank accounts, retirement accounts, and insurance policies; their three vehicles; and their debt.
“After considering the evidence, the trial court entered a judgment dividing the parties’ personal property, their vehicles, and their various insurance policies, bank accounts, and retirement accounts, excluding the husband’s military-retirement benefits. The husband was ordered to pay the wife $2,250 each month in periodic alimony. The trial court stated that the amount of the wife’s periodic alimony was to be equal to 28% of the husband’s gross nondisa-bility military-retirement benefits.”
99 So.3d at 340.
As mentioned, on the second remand the trial court ultimately awarded the wife 28% of the husband’s “disposable [military-]retirement benefits.” The wife’s share of the benefits are payable to her directly from the United States Army as retirement benefits are paid to the husband. The trial court ordered the wife to receive those payments until the death of the husband, at which time the wife is to receive benefits pursuant to the Survivor Benefit Plan, as mandated by the Uniformed Services Former Spouses’ Protection Act, 10 U.S.C. § 1408. In addition to awarding the wife a portion of the husband’s military-retirement benefits, however, the trial court also reduced the amount *400 of the wife’s monthly periodic alimony from $2,250 to $1,600. The wife filed this timely appeal.
“Our standard of review regarding a property division and an award of periodic alimony is well settled.
“ “When the trial court fashions a property division following the presentation of ore tenus evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So.2d 230, 235 (Ala.Civ.App.2001); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala. Civ.App.1993); and Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So.2d at 1038.’
“Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009).
“ ‘The issues of property division and alimony are interrelated, and they must be considered together. Albert-son v. Albertson, 678 So.2d 118 (Ala. Civ.App.l99[5]). A property division is not required to be equal, but it must be equitable. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996). In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; them future prospects; their ages and health; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, [795 So.2d 729 (Ala.Civ.App.2001) ]; Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of ..the marriage, even where the parties are divorced on the basis of incompatibility, or, as here, where the trial court failed to specify the grounds upon which it based its divorce judgment. Ex parte Drummond, 785 So.2d 358 (Ala.2000); Myrick v. Myr-ick, 714 So.2d 311 (Ala.Civ.App.1998); Lutz v. Lutz, supra.’
“Pate v. Pate, 849 So.2d 972, 976 (Ala. Civ.App.2002).”
Spuhl II, 120 So.3d at 1074-75.
In this case, the wife asserts that the trial court erroneously based its award of periodic alimony on what it believed were the wife’s “reasonable and necessary” monthly expenses, rather than by considering other relevant factors such as the parties’ disparate incomes; their future prospects; their previous standard of living; and the reason for the breakdown of the marriage, which, she said, included the husband’s affair. See Pate, 849 So.2d at 976. In support of her assertion that the trial court used an improper standard in determining the amount of periodic alimony awarded to her, the wife points to the trial court’s explanation for awarding the wife $2,250 in periodic alimony in the original divorce judgment. In that judgment, the trial court wrote:
“Quite frankly, this court determined that both the [hjusband and the [wjife submitted an unreasonable and inflated monthly expense budget into evidence in the trial of this case; and had to determine the [wjife’s reasonable and necessary monthly expenses, and therefore, her need for support for herself from the [hjusband; her own ability to earn income with which to meet, at least partially, those reasonable and necessary monthly expenses; and the ability of the [hjusband to contribute to her support, taking into consideration the other sig *401 nificant financial obligations imposed on him in the [judgment], as well as his own reasonable and necessary monthly expenses .... ”
In Spuhl II, this court “remand[ed] this cause for the trial court to equitably divide the marital assets and to reconsider its award of periodic alimony.” 120 So.3d at 1076. This court noted:
“ ‘The issues of property division and alimony are interrelated, and they must be considered together. Albert-son v. Albertson, 678 So.2d 118 (Ala. Civ.App.l99[5]). A property division is not required to be equal, but it must be equitable. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996). In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages and health; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, [795 So.2d 729 (Ala.Civ.App.2001) ]; Lutz v. Lutz, 485 So.2d 1174 (AIa.Civ.App. 1986). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage.... Ex parte Drum-mond, 785 So.2d 358 (Ala.2000); Myr-ick v. Myrick, 714 So.2d 311 (Ala.Civ. App.1998); Lutz v. Lutz, supra.’
“Pate v. Pate, 849 So.2d 972, 976 (Ala. Civ.App.2002).”
Id. at 1074-75.
The transcript of the proceedings conducted following the second remand shows that the trial court followed this court’s mandate in rendering the April 2013 judgment, i.e., the trial court divided the military-retirement benefits and correspondingly reconsidered the award of periodic alimony. The resulting awards are within the discretion afforded to the trial court. A trial court’s discretionary ruling must be affirmed if it is supported by “any credible evidence.” Ex parte D.W.W., 717 So.2d 793, 795 (Ala.1998). To reverse such a ruling, we must determine that the trial court “ ‘ “committed a clear or palpable error, without the correction of which manifest injustice will be done.” ’ ” D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007)(quoting Clayton v. State, 244 Ala. 10, 12, 13 So.2d 420, 422 (1942), quoting in turn 16 C.J. 453). The record does not indicate that the property-division and alimony awards are clearly or palpably erroneous or that manifest injustice will result from the awards, and any correction of the awards by this court would require reweighing the evidence or substituting this court’s judgment for that of the trial court. Ex parte R.T.S., 771 So.2d 475, 476-77 (Ala.2000) (noting that the appellate court must not engage in fact-finding or “reweigh the evidence and substitute its judgment for that of the trial court”). The trial court’s awards might be different than the awards this court would have rendered, but, under these facts, they should be affirmed “regardless of our own view of that evidence or whether we would have reached a different result had we been the trial judge.” Young v. Young, 376 So.2d 737, 739 (Ala.Civ.App.1979) (citing Hawkins v. Hawkins, 346 So.2d 967 (Ala.Civ.App.1977)).
The husband’s request for an attorney fee on appeal is denied. The wife’s request for an attorney fee on appeal is also denied.
AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs specially.
THOMPSON, P. J., dissents, with writing.