THOMPSON, Presiding Judge,
dissenting.
I believe the judgment of the trial court awarding Cheri Denise Spuhl (“the wife”) 28% of the military-retirement benefits of Robert Spuhl (“the husband”) but reducing the amount of the wife’s periodic-alimony award from $2,250 to $1,600 each month is plainly and palpably wrong. Therefore, I respectfully dissent from the main opinion.
Pursuant to the applicable ore tenus standard of review, “ ‘a judgment based on findings of fact based on [ore tenus] testi- ■ mony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error.’ ” Smith v. Muc-hia, 854 So.2d 85, 92 (Ala.2003) (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)). Furthermore, a presumption of correctness attaches to the trial court’s conclusions regarding issues of fact, and this court will not disturb those conclusions unless they are clearly erroneous and against the great weight of the evidence. See Fort Morgan Civic Ass’n v. City of Gulf Shores, 100 So.3d 1042, 1045 (Ala.2012). I believe the conclusions the trial court reached as the basis for its award to the wife of periodic alimony and a portion of the husband’s military-retire *406 ment benefits are clearly erroneous and against the great weight of the evidence.
The record indicates that both parties were 48 years old at the time of the trial. During the parties’ 18-year marriage, the wife did not pursue a career outside the home so that she could move with the husband each time he was stationed somewhere new and so that she could fulfill the responsibilities her husband’s career demanded of her as a military wife. She also managed the parties’ household and was the only parent available to care for their children when the husband’s job required him to be away from home for long periods. The husband acknowledged the wife’s contribution to his career. Evidence also indicates that both parties share the blame for the breakdown of the marriage.
The trial court determined that, at the time of the trial, the husband, who has a master’s degree in “space operations program management,” was earning a net monthly income of approximately $9,390 and was earning a gross monthly income of $14,951.14. The wife, who has an associate’s degree, was working as a receptionist at a doctor’s office earning $11 an hour and working 30 to 32 hours each week. The trial court determined that the wife’s gross monthly income was $1,430. In other words, the husband’s gross monthly income is more than ten times greater than the wife’s gross monthly income.
At trial, the wife presented evidence indicating that her monthly expenses were more than $5,000. The husband presented evidence indicating that his monthly expenses, including his child-support obligation, were approximately $7,050, $1,500 of which is attributable to child support. The husband testified that his health is poor, but he offered no corroborating evidence. Even if I were to assume that the husband does have health issues, he still earns significantly more income than does the wife. In considering the parties’ respective incomes, educations, earning potentials, and their lifestyle before the divorce, I find no evidence to support the trial court’s decision to reduce the wife’s award of periodic alimony from $2,250 to $1,600.
I recognize that a division of marital property and an award of periodic alimony are to be considered together. See Pate v. Pate, 849 So.2d 972, 976 (Ala.Civ.App. 2002). However, the division of marital property and the awarding of periodic alimony serve two separate functions. In Spuhl v. Spuhl, 120 So.3d 1071, 1075 (Ala. Civ.App.2013) (“Spuhl IP’), this court stated that the purpose of a property settlement in a divorce action, that is, the division of marital property, is intended to give “ ‘each spouse the value of [his or her] interest in the marriage.’ ” (Quoting Pat-tillo v. Pattillo, 414 So.2d 915, 917 (Ala. 1982).) On the other hand, periodic alimony
“ ‘is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].’ [Hager v. Hager], 293 Ala. [47] at 55, 299 So.2d [743] at 750 [ (1974) ]. Its purpose ‘is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.’ O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996) (emphasis added).”
TenEyck v. TenEyck, 885 So.2d 146, 152 (Ala.Civ.App.2003).
In Spuhl II, we held that denying the wife a share of the husband’s military-retirement benefits — the parties’ largest marital asset — resulted in an inequitable division of marital property because it de *407 prived the wife from receiving an equitable share of her interest in the marriage. 120 So.3d at 1076. I do not believe that providing her with that equitable share can come at the expense of reducing the periodic alimony intended to support her and to allow her, to the extent possible, to maintain the status she enjoyed during the marriage.
In reviewing the record in its entirety, I conclude that the amount of periodic alimony and the portion of the husband’s military-retirement benefits awarded to the wife as part of the division of marital property is inequitable under the circumstances in this case. Accordingly, I would reverse that portion of the judgment reducing the wife’s periodic alimony to $1,600 a month.